Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DEBTORS

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **SAVVYAN TECHNOLGIES, LLC,** | § | **CASE NO. 23-42043-btr** |
| | § | |
| **KAMALAKANNAN SIVANANDAM** | § | **CASE NO. 23-42051-btr** |
| | § | |
| **Debtors.** | § | **Jointly Administered Under** |
| | § | **Case No. 23-42043-btr** |
| | § | |
| | § | **Chapter 11** |

## DEBTORS' JOINT PLAN OF REORGANIZATION
## UNDER SUBCHAPTER V OF CHAPTER 11

COME NOW Savvyan Technologies, LLC, and Kamalakannan Sivanandam, the Debtors in the above styled and referenced bankruptcy cases and propose the following *Joint Plan of Reorganization Under Subchapter V of Chapter 11* (the "Plan"), pursuant to Chapter 11 of the United States Bankruptcy Code.

# TABLE OF CONTENTS

Article I.      INTRODUCTION ....................................................................................................4

Article II.     DEFINITIONS .......................................................................................................4

Article III.    VOTING ON THE PLAN AND OBJECTIONS ...............................................7

Article IV.     BACKGROUND.....................................................................................................8
    4.1    Background of the Debtor and Events Leading to Bankruptcy ............................8
    4.2    Significant Events Since the Petition Date............................................................9
    4.3    Assets of the Debtors............................................................................................9
    4.4    Liabilities of the Debtors.....................................................................................10
    4.5    Tax Consequences of the Plan ............................................................................11

Article V.      LIQUIDATION ANALYSIS ...........................................................................11

Article VI.     PLAN OF REORGANIZATION.......................................................................13
    6.1    Treatment of Unclassified Claims, Administrative Expense Claims, Priority
         Claims, and U.S. Trustee Fees ...........................................................................13
    6.2    Classification of Claims and Interests.................................................................14
    6.3    Claims and Interests Impaired Under the Plan....................................................15
    6.4    Treatment of Classified Claims and Interests Under the Plan ............................15
    6.5    Implementation of the Plan .................................................................................16
    6.6    Feasibility of the Plan..........................................................................................16
    6.7    Provisions Regarding Distributions and Objections to Claims...........................16
    6.8    Executory Contracts ............................................................................................17

Article VII.    RESERVATION OF CLAIMS ........................................................................18
    7.1    Reservation of Claims and Causes of Action......................................................18
    7.2    Return of Fraudulent Transfers ...........................................................................18

Article VIII.   EFFECT OF CONFIRMATION, DISCHARGE, RELEASES
AND INJUNCTION ...........................................................................................................19
    8.1    Vesting of Property .............................................................................................19
    8.2    Plan Creates New Obligations.............................................................................19
    8.3    Legal Binding Effect ...........................................................................................19
    8.4    Discharge.............................................................................................................19
    8.5    Satisfaction of Claims and Interests....................................................................19
    8.6    Temporary Injunction..........................................................................................19
    8.7    Modification of the Plan......................................................................................20
    8.8    Retention of Jurisdiction .....................................................................................20

Article IX.     MISCELLANEOUS PROVISIONS ................................................................21
    9.1    Request for Relief Under Bankruptcy Code § 1129(b)........................................21
    9.2    Headings..............................................................................................................21
    9.3    Due Authorization ...............................................................................................21

9.4     Further Assurances and Authorizations ................................................22
9.5     Applicable Law ........................................................................................22
9.6     No Interest ...............................................................................................22
9.7     Post-Confirmation Actions......................................................................22
9.8     Notices of Default ...................................................................................22
9.9     Notices......................................................................................................22
9.10    Payment Dates..........................................................................................23
9.11    De Minimis Distribution .........................................................................23

EXHIBITS:

Exhibit 1 – Schedule A/B for Kamalakannan Sivanandam
Exhibit 2 – Schedule A/B for Savvyan Technologies, LLC
Exhibit 3 – Projections
Exhibit 4 – Monthly Operating Reports for both Debtors (without exhibits)

## ARTICLE I
## INTRODUCTION

This Joint Plan of Reorganization Under Subchapter V of Chapter 11 (the "Plan") is jointly proposed by Kamalakannan Sivanandam ("Sivanandam") and Savvyan Technologies, LLC ("Savvyan") (collectively referred to herein as the "Debtors"). On October 27, 2023, Savvyan filed a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division. On October 30, 2023, Sivanandam filed a voluntary petition for relief under Subchapter V in the same Court. On January 4, 2024, the Bankruptcy Court entered its *Order Directing Joint Administration of Cases*. This *Debtors' Joint Plan of Reorganization Under Subchapter V of Chapter 11* is provided pursuant to the Bankruptcy Code to all the Debtors' known creditors and other parties in interest. Under the Plan the Debtors will pay Secured Claims in full and will pay a return to Allowed Unsecured Claims over 36 months. The details of the Plan are set out in Article VI of this document.

On November 3, 2023, the Office of the United States Trustee appointed Mark A. Weisbart to serve as the Subchapter V Trustee in this Case (the "Trustee"). The Trustee is responsible for monitoring the Case and ensuring the Debtors' compliance with the applicable provisions of the U.S. Bankruptcy Code.

**YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE. (IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.)**

## ARTICLE II
## DEFINITIONS

Unless the context otherwise requires, capitalized terms shall have the meanings set forth below.

"**Administrative Expense Claim**" means an administrative expense or claim described in Bankruptcy Code § 503 and entitled to administrative priority pursuant to Bankruptcy Code § 507(a)(1), including, but not limited to, Fee Claims.

"**Allowed Amount**" means the amount of any Allowed Claim.

"**Allowed Claim**" means a Claim against the Debtor allowable under the Bankruptcy Code to the extent that: (i) a Proof of Claim or request for payment was timely filed, or, with leave of the Bankruptcy Court, late filed, and as to which no objection has been timely filed with the Bankruptcy Court, or, if filed, is allowed by a Final Order, unless otherwise provided in this Plan; (ii) the Claim is scheduled and not listed as disputed, contingent, or unliquidated, and no objection has been timely filed or, if filed, is allowed by a Final Order; or (iii) with respect to an Administrative Expense Claim or Fee Claim, the Administrative Expense Claim or Fee Claim has been approved by a Final Order upon notice and application to the Bankruptcy Court.

"**Assets**" means property of the Estate.

"**Avoidance Actions**" means any and all rights, claims, and causes of action which a trustee, Debtor, or other appropriate party in interest would be able to assert on behalf of the Estate under applicable state statutes or the avoidance provisions of chapter 5 of the Bankruptcy Code, including actions under one or more of the provisions of Bankruptcy Code §§ 506, 542-551, and 553.

"**Ballot**" means the written ballot to be distributed to Creditors for voting on whether to approve this Plan of reorganization.

"**Bankruptcy Case**" or "**Case**" means these jointly-administered bankruptcy cases pending before the Bankruptcy Court.

"**Bankruptcy Code**" or "**Code**" means the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, as amended.

"**Bankruptcy Court**" or "**Court**" means the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division, or other such court that may have jurisdiction with respect to the reorganization of the Debtor pursuant to Chapter 11 of the Bankruptcy Code.

"**Bankruptcy Rules**" means the Federal Rules of Bankruptcy Procedure, as amended, and "**Bankruptcy Rule**" refers to a specific rule therein.

"**Bar Date**" means January 5, 2024 in the Savvyan Case and January 8, 2024 in the Sivanandam Case, the deadlines established by the Bankruptcy Court pursuant to Bankruptcy Rule 3003(c)(3), after which any Proof of Claim may not be timely filed, except Claims held by governmental agencies.

"**Business Day**" shall mean any day that is not a Saturday, Sunday, or one of the legal holidays listed in Bankruptcy Rule 9006(a).

"**Claim**" shall have the meaning set forth in Bankruptcy Code § 101(5).

"**Claimant**" or "**Creditor**" means the holder of a Claim.

"**Class**" means any class into which Claims are classified pursuant to the Plan. Each subclass of a class shall be treated as a separate class.

"**Collateral**" means the real or personal property securing a Secured Claim.

"**Confirmation**" means the Bankruptcy Court's entry of the Confirmation Order.

"**Confirmation Date**" means the date on which the Order confirming this Plan is entered.

"**Confirmation Hearing**" means the hearing or hearings held before the Bankruptcy Court in which the Debtors will seek Confirmation of this Plan.

"**Confirmation Order**" means the Order confirming this Plan.

"**Contested**" when used with respect to a Claim, means a Claim against the Debtor: (i) that

is listed in the Debtor's Schedules of Assets and Liabilities as disputed, contingent, or unliquidated; (ii) that is listed in the Debtor's Schedules of Assets and Liabilities as undisputed, liquidated, and not contingent and as to which a Proof of Claim has been filed with the Bankruptcy Court, to the extent the Proof of Claim amount exceeds the scheduled amount; (iii) that is the subject of a pending action in a forum other than the Bankruptcy Court unless such Claim has been determined by Final Order in such other forum and Allowed by Final Order of the Bankruptcy Court; or (iv) as to which an objection has been or may be timely filed and has not been denied by Final Order. To the extent an objection relates to the allowance of only a part of a Claim, such Claim shall be a Contested Claim only to the extent of the objection.

"**Debtor or Debtors**" means Savvyan Technologies, LLC and/or Kamalakannan Sivanandam, the Debtors herein. Where the context so requires, "**Debtor**" shall also include the Reorganized Debtor.

"**Disputed**" with respect to a Claim means either: (i) a Claim which has been objected to by the Debtor; or (ii) a Claim that is listed on the Debtor's bankruptcy schedules as "disputed, contingent or unliquidated" and for which such Creditor or Interest holder has not filed a Proof of Claim.

"**Effective Date**" means the thirtieth (30th) day after the Confirmation Date.

"**Estate**" means the bankruptcy estates of the Debtors in this Case.

"**Fee Claim**" means a Claim under Bankruptcy Code §§ 330 or 503 for allowance of compensation and reimbursement of expenses to professionals in this Bankruptcy Case.

"**Fee Application**" means an application filed with the Bankruptcy Court for allowance of a Fee Claim.

"**Final Order**" means an Order as to which any appeal that has been taken has not been stayed following the expiration of the time for appeal or has been resolved, or as to which the time for appeal has expired.

"**Impaired**" means the treatment of an Allowed Claim or Interest pursuant to the Plan unless, with respect to such Claim or Interest, either: (i) the Plan leaves unaltered the legal, equitable and contractual rights to which such Claim or Interest entitles the holder of such Claim or Interest; (ii) notwithstanding any contractual provision or applicable law that entitles the holder of such Claim or Interest to demand or receive accelerated payment of such Claim or Interest after occurrence of a default, the Debtor (A) cures any default that occurred before or after the commencement of the Chapter 11 Case on the Petition Date, other than default of the kind specified in § 365(b)(2) of the Bankruptcy Code; (B) reinstates the maturity of such Claim or Interest as such maturity existed before such default; (C) compensates the holder of such Claim or Interest for any damages incurred as a result of any reasonable reliance by such holder on such contractual provision or such applicable law; and (D) does not otherwise alter the legal, equitable or contractual rights to which such Claim or Interest entitles the holder of such Claim or Interest; or (iii) the Plan provides that on the Effective Date, the holder of such Claim or Interest receives, on account of such Claim or Interest, cash equal to the Allowed Amount of such Claim or Interest.

"**Insider**" has the meaning provided by § 101(31) of the Bankruptcy Code.

"**Interest**" means any equity or ownership interest in the Debtor.

"**Lien**" means any charge against or interest in property to secure payment of debt or performance of an obligation and includes a judicial lien, security interest, and deed of trust, mortgage and property tax lien.

"**Order**" means an Order of the Bankruptcy Court.

"**Petition Date**" means October 27, 2023 in the Savvyan Case and October 30, 2023 in the Sivanandam Case, the dates on which the Debtors filed their voluntary petitions under Chapter 11 of the Bankruptcy Code.

"**Plan**" means this *Joint Plan of Reorganization*, including any amendments, modifications or corrections made thereto pursuant to the Bankruptcy Code.

"**Priority Tax Claim**" means a Claim entitled to priority pursuant to Bankruptcy Code § 507(a)(8).

"**Priority Wage Claim**" means a Claim entitled to priority pursuant to Bankruptcy Code § 507(a)(4).

"**Priority Unsecured Claim**" means an Unsecured Claim entitled to priority under Bankruptcy Code § 507(a), except Priority Tax Claims and Priority Wage Claims.

"**Proof of Claim**" means a written statement setting forth a Creditor's Claim filed in this Case and conforming substantially to the appropriate official form.

"**Reorganized Debtor**" means the Debtors as they exist after Confirmation of the Plan.

"**Schedules and Statements**" means the Debtors' bankruptcy schedules A-H and the Statement of Financial Affairs.

"**Secured Claim**" means a Claim that is secured within the meaning of Bankruptcy Code §506(a).  Should the value of the Collateral securing a Secured Claim be less than the amount of the Claim, the Claim will be bifurcated into a Secured Claim equal to the value of the Collateral and a general Unsecured Claim for the remainder, pursuant to Bankruptcy Code §506(d).

"**Unsecured Claim**" means any Claim that is not a Secured Claim or an Administrative Expense Claim and that is not entitled to priority treatment under Bankruptcy Code § 507.

## ARTICLE III
## VOTING ON THE PLAN AND OBJECTIONS

### 3.1   Who May Vote

You are entitled to vote on the Plan unless:

(1)     your Claim or Interest is Disputed (as defined herein);

(2)     your Class receives no distribution (presumed to reject the Plan);

(3)     your Class is "unimpaired" (presumed to accept the Plan – *See* Article VI to see if your Class is Impaired or unimpaired); or

(4)     your Claim is unclassified (and thus required by law to be paid in full).

If your Claim or Interest is Disputed, then you must file a motion and have it allowed for voting purposes (you must do that soon so that your motion can be heard before votes are counted. *See* Bankruptcy Rule 3018(a)).

### 3.2     How to Vote

Fill out and return the attached ballot (if you are entitled to vote) **by the deadline** and according to the other instructions in the enclosed order regarding voting and procedures.

### 3.3     Effect of Vote

After a plan of reorganization has been filed, it must either be accepted by holders of claims against, or interests in, the debtor, or be found by the Court not to discriminate unfairly and that it is fair and equitable with respect to each class of claims or interests that is impaired under the plan or that has not accepted the plan.

Acceptance of the Plan by the Creditors and Equity Interest Holders is important. In order for the plan to be accepted by each class of claims, the creditors that hold at least two thirds (2/3) in amount and more than one-half (1/2) in number of the allowed claims actually voting on the plan in such class must vote for the plan and the equity interest holders that hold at least two-thirds (2/3) in amount of the allowed interests actually voting on the plan in such class must vote for the plan. A plan under Subchapter V of Chapter 11 does not require that each holder of a claim against, or interest in, the debtor vote in favor of the plan in order for it to be confirmed by the Court.

### 3.4     Who May Object

Even if you are not entitled to vote, you may object to Confirmation of the Plan if you believe that the requirements for Confirmation are not met (and if you are a party in interest in this bankruptcy case). For the deadlines and procedures to object, see the enclosed order.

### ARTICLE IV
### BACKGROUND

### 4.1     Background of the Debtors and Events Leading to Bankruptcy

Kamalakannan Sivanandam ("Sivanandam") is an individual who resides in Frisco, Texas. Sivanandam manages the operations of Savvyan Technologies, LLC, but is not a member of Savvyan.

Savvyan Technologies, LLC ("Savvyan") is an Independent Product Development, IT consulting and services firm, and is owned by Annukraga Rajalakshmi Logaiah, the spouse of Sivanandam.

Savvyan filed this Case due to ongoing and expensive state court litigation brought by Themesoft, Inc., a disputed creditor. Sivanandam likewise filed his Case when the state court continued to proceed against him despite Savvyan's bankruptcy filing. Both the company and the individual felt that the outcome in bankruptcy would be better than the outcome in state court and they would have the opportunity to propose a pay plan to resolve the claims.

### 4.2    Significant Events Since the Petition Date

**a.**    On November 27, 2023, the Court entered an Order granting the Debtor's motion to use cash collateral on an interim basis.

**b.**    On November 27, 2023, the Court entered an Order granting the Debtor's motion to pay the pre-Petition Date wages of its employees.

**c.**    On December 27, 2023, the Court entered Orders granting the Debtors' motions to employ Joyce Lindauer of Joyce W. Lindauer Attorney, PLLC as general bankruptcy counsel.

**d.**    On January 4, 2024, the Court entered an Order granting the Debtors' motion to jointly administer these Cases.

**e.**    Debtor company filed a Notice regarding cash collateral having determined that the two secured creditors that could claim cash collateral had been previously paid off and had not released their UCC filings. Those filings have now been released.

### 4.3    Assets of the Debtors

On the Petition Date, Savvyan owned assets consisting of $22,317.81 cash in bank accounts, $371,027.60 in accounts receivable, $1,350.00 in office furniture, a counterclaim against Themesoft, Inc. valued at $3,500,000.00, and an internet domain name valued at $100.00. Such Assets are listed in detail in Savvyan's Schedules filed with the Court, a copy of which is attached hereto as **Exhibit 1**.

On the Petition Date, Sivanandam owned non-exempt assets (i.e., assets available to creditors) consisting of cash and deposits in bank accounts totaling $74,538.00, publicly traded stocks valued at $2,590.00, non-publicly traded interests in affiliated entities valued at $254,000.00 and a 2022 tax refund due from the IRS in the amount of $30,747.00. Sivanandam owns exempt assets (i.e., assets exempt from the claims of creditors under the Texas Property Code) consisting of a homestead valued at $900,000.00, vehicles valued at $25,000.00, and various household goods and personal items valued at $13,500.00, as reflected in his Schedule B and C attached hereto as **Exhibit 2**.

### 4.4    Liabilities of the Debtors

According to Sivannandam's Schedules, Sivannandam's liabilities, both Disputed and undisputed (excluding Administrative Expense Claims) totaled $4,005,811.34 as of the Petition Date.

According to Savvyan's Schedules, Savvyan's liabilities (excluding Administrative Expense Claims) totaled 3,574,573.62 as of the Petition Date.

The Debtors' liabilities are further described as follows:

**Administrative Expense Claims.**

The Estates will be liable for certain Administrative Expense Claims pursuant to Bankruptcy Code §503(b) through the Confirmation Date, including Fee Claims of Joyce W. Lindauer Attorney, PLLC as the Debtor's bankruptcy counsel. The Debtors will also owe Subchapter V fees to Mark Weisbart, the SubV Trustee in these cases. Before the Debtor pays any Fee Claims, the Bankruptcy Court will have determined the reasonableness of such fees and expenses.

**Priority Claims.**

The Internal Revenue Service filed a Proof of Claim in Savvyan's Case in which it asserts a Priority Claim in the amount of $386.85.

The Texas Workforce Commission filed a Proof of Claim in Savvyan's Case in which it asserts a Priority Claim in the amount of $455.32.

Savvyan scheduled a Priority Claim for the Texas Comptroller in the amount of $1,766.42.

**Secured Claims.**

The following Secured Claims were filed by Creditors in Sivanandam' s Case:

 Freedom Mortgage Corporation (homestead): $433,333.67

 Frisco Independent School District: $7,539.79

 Denton County, Texas: $1,500.61

 Collin County Tax Assessor: $69.47

Savvyan did not schedule any Secured Claims, and none were filed by Creditors.

**General Unsecured Claims.**

According to Sivanandam's Schedules, he owes total Unsecured Claims of $3,573,131.20 as of the Petition Date, of which 3,450,000.00 is the Disputed litigation Claim of Themesoft, Inc.

According to Savvyan's Schedules, it owes total Unsecured Claims of $3,572,807.20 as of the Petition Date, of which 3,450,000.00 is the Disputed litigation Claim of Themesoft, Inc.

### 4.5    Tax Consequences of the Plan

**a.    Disclaimer.** The Debtors do not purport to provide tax advice to the holders of Claims. The following is intended only as a summary of possible federal income tax consequences of the Plan and is not a substitute for careful tax planning with a tax professional. The following is for information purposes only and is NOT tax advice. The tax consequences are in many cases uncertain and may vary depending on a holder's individual circumstances. Accordingly, holders of Claims are urged to consult with their tax advisors about the federal, state, local, and foreign tax consequences of the Plan on their tax returns and tax liabilities.

**b.    Tax Consequences.** Implementation of the Plan may result in federal income tax consequences to holders of Claims or Interests and the Debtor. Tax consequences to a particular Claim or Interest holder may depend on the particular circumstances or facts regarding the Claim or Interest. IRS Publication 908, entitled "Bankruptcy Tax Guide" provides valuable information regarding the federal income tax aspects of bankruptcy. The "Bankruptcy Tax Guide" is available directly from the IRS online at http://www.irs.gov/pub/irs-pdf/p908.pdf.

**c.    Cancellation of Debt.** Cancellation of the Debtor's debt ("**COD**") is generally considered as taxable income of the Debtor. COD is the amount by which the indebtedness discharged exceeds any consideration given in exchange. However, there are exceptions which prevent COD from being treated as taxable income. To the extent the Debtor is insolvent or the Debtor is discharged in a bankruptcy proceeding, as is the case at bar, the Internal Revenue Code excludes COD from income. The statutory exclusion for COD from the Debtor's gross income in a Chapter 11 bankruptcy case arises where a discharge is granted by the Court as is requested in the Plan.

**d.    Holders of Allowed Claims.** The tax consequences associated with distributions under the Plan to the holders of an Allowed Claim will depend on, among other things: (i) the consideration received or deemed to have been received by the holder of any such Claim; (ii) whether the Allowed Claim holder reports income on an accrual or cash basis; (iii) the taxable year in which any distributions under the Plan are received by the Allowed Claim holder; (iv) whether the Claim was Allowed or Contested/Disputed as of the Effective Date; and (v) whether such Allowed Claim holder had previously written the obligation off as bad debt. ALLOWED CLAIM HOLDERS ARE URGED TO CONSULT WITH THEIR TAX ADVISORS ABOUT THE FEDERAL, STATE, LOCAL AND FOREIGN TAX CONSEQUENCES OF THE PLAN.

### ARTICLE V
### CHAPTER 7 LIQUIDATION ANALYSIS

Section 1129(a)(7) of the Bankruptcy Code requires that a Chapter 11 plan of reorganization must provide at least as much value to each Impaired Creditor as could be realized in a liquidation under Chapter 7 of the Bankruptcy Code.

In determining whether the requirements of Section 1129(a)(7) of the Bankruptcy Code have been met, the first step is to determine the dollar amount that would be generated from a hypothetical liquidation of the Debtor's assets in Chapter 7. Such amounts must then be reduced by the costs and expenses of the liquidation. Further reductions would be required to eliminate cash and asset liquidation proceeds that would be applied to Secured Claims and amounts necessary to satisfy Priority Claims that are senior to general Unsecured Claims (and Administrative Expense Claims that may result from the termination of the Debtors' business and the liquidation of their assets)

Sivanandam's exempt property is not subject to the claims of creditors and thus is not included in this liquidation analysis. Sivanandam's equity interests in non-publicly traded affiliated companies is discounted by 50% in this liquidation analysis due to the inherent difficulty in selling interests in closely-held corporations. Sivanandam's and Savvyan's counter-claims against Themesoft, Inc. have been given no liquidation value due to the unlikelihood that a Chapter 7 trustee would pursue them.

Savvyan's accounts receivable have been discounted by 25% in this liquidation analysis due to difficulty of collection by a Chapter 7 trustee.

## SIVANANDAM LIQUIDATION ANALYSIS

### Assets

| | |
|---|---|
| Cash | $74,538 |
| Publicly traded stocks | $2,590 |
| Non-publicly traded stocks | $127,000 |
| IRS refund | $30,747 |
| Total Assets in Ch. 7 liquidation | $234,875 |

### Liabilities

| | |
|---|---|
| Administrative Expenses and UST Fees | $25,000[1] |
| Secured Claim of Freedom Mortgage Corporation (homestead) | $433,334 |
| Secured Claim of Frisco ISD | $7,540 |
| Secured Claim of Denton County, Texas | $1,501 |
| Secured Claim of Collin County Tax Assessor | $69 |
| General Unsecured Claims | $3,573,131 |
| Total Liabilities in Ch. 7 liquidation | $4,040,575 |
| **TOTAL ASSETS LESS TOTAL LIABILITIES IN CH. 7** | **<$3,805,700>** |

---

[1] Debtor's estimate.

## SAVVYAN LIQUIDATION ANALYSIS

### Assets

| | |
|---|---|
| Cash | $22,318 |
| Accounts receivable (75% of face value) | $278,270 |
| Furniture | $1,350 |
| | |
| Total Assets in Ch. 7 liquidation | $301,938 |

### Liabilities

| | |
|---|---|
| Administrative Expenses and UST Fees | $25,000[2] |
| Priority Claims | $ 2,608 |
| General Unsecured Claims | $3,572,807 |
| | |
| Total Liabilities in Ch. 7 liquidation | $ 3,600,415 |
| | |
| **TOTAL ASSETS LESS TOTAL LIABILITIES IN CH. 7** | **<$3,298,477>** |

**This Plan proposes to pay one hundred percent (100%) of all Allowed Secured Claims, and will pay a return to holders of Allowed Unsecured Claims, which would not receive any payment in a Chapter 7 liquidation.**

**This Plan does not contemplate a liquidation of the Assets.**

### ARTICLE VI
### PLAN OF REORGANIZATION

**6.1    Treatment of Unclassified Claims, Administrative Expense Claims, Priority Tax Claims, and U.S. Trustee Fees**

        **a.    Unclassified Claims.** All Allowed Claims (except Administrative Expense Claims and Priority Tax Claims) are placed in Classes for all purposes, including voting on, confirmation of, and distributions under this Plan. In accordance with Bankruptcy Code § 1123(a)(1), Administrative Expense Claims and Allowed Priority Tax Claims have not been classified.

        **b.    Administrative Expense Claims.** Each holder of an Administrative Expense Claim under Bankruptcy Code § 503 shall receive either: (i) with respect to Administrative Expense Claims which are Allowed Claims on the Effective Date, the amount of such holder's Allowed Claim in one cash payment, within ten (10) days after the Effective Date, from the Debtor; (ii) with respect to Administrative Expense Claims which become Allowed Claims after the Effective Date, the amount of such holder's Allowed Claim, in one cash payment

---

2 Debtor's estimate.

from the Debtor within ten (10) days after such Claim becomes an Allowed Administrative Expense Claim; or (iii) such other treatment agreed upon by the Debtor and such holder.

       **1.**    <u>Fee Claims.</u> Each professional person whose retention with respect to this Case has been approved by the Bankruptcy Court or who holds, or asserts, an Administrative Expense Claim that is a Fee Claim shall be required to file with the Bankruptcy Court a final fee application within sixty (60) days after the Effective Date and to serve notice thereof on all parties entitled to such notice. The Subchapter V Trustee is a professional in this case. The failure to file timely any such application as required shall result in the Fee Claim being forever barred and discharged. A Fee Claim, with respect to which a Fee Application has been properly filed, shall become an Administrative Expense Claim only to the extent allowed by Final Order. Fee Claims shall be paid either: (i) with respect to Fee Claims which are Allowed Claims on the Effective Date, the amount of such holder's Allowed Claim in one cash payment, within ten (10) days after the Effective Date, from the Debtor; (ii) with respect to Fee Claims which become Allowed Claims after the Effective Date, the amount of such holder's Allowed Claim, in one cash payment from the Debtor within ten (10) days after such Claim becomes an Allowed Fee Claim; or (iii) such other treatment agreed upon by the Debtor and such holder.

       **2.**    <u>Administrative Expense Claims Bar Date.</u> Any other person or entity who claims to hold an Administrative Expense Claim (other than a Fee Claim) shall be required to file with the Bankruptcy Court an application within sixty (60) days after the Effective Date and to serve notice thereof on all parties entitled to such notice. The failure to file timely the application as required under this section) of this Plan shall result in the Claim being forever barred and discharged. An Administrative Expense Claim with respect to which an application has been properly filed and to which no timely objection has been filed or an objection has been filed but overruled by the Bankruptcy Court, shall become an Allowed Claim to the extent such Claim is allowed by Final Order.

       **c.**    **Priority Claims.** Any holder of an Allowed Priority Claim will be paid in full on the Effective Date, with interest accruing at the statutory rate from the Petition Date.

      **6.2**    <u>**Classification of Claims and Interests**</u>

     Claims against the Debtors, excluding Administrative Expense Claims and Priority Claims, are divided into the following Classes:

<u>**Claims against Sivanandam, Case No. 23-42051**</u>

Class Sivanandam 1: Allowed Secured Claims of Freedom Mortgage Corporation
Class Sivanandam 2: Allowed Secured Claims of Frisco ISD
Class Sivanandam 3: Allowed Secured Claims of Denton County, Texas
Class Sivanandam 4: Allowed Secured Claims of Collin County Tax Assessor
Class Sivanandam 5: Allowed General Unsecured Claims
Class Sivanandam 6: Asset Ownership Interests

**Claims against Savvyan, Case No. 23-42043**

Class Savvyan 1: Allowed General Unsecured Claims

### 6.3   Claims and Interests Impaired Under the Plan

The Claims in Classes Sivanandam 5: Allowed General Unsecured Claims, and Class Savvyan 1: Allowed General Unsecured Claims, are Impaired and entitled to vote on this Plan. All other Classes are not Impaired.

### 6.4   Treatment of Classified Claims and Interests Under the Plan

#### a.   General Provisions Regarding Treatment of Claims.

All Allowed Secured Claimants shall retain all their liens on any property securing their Claims.

No Claimant shall be entitled to a pre-payment penalty if their Claim is paid early.

To the extent the same Claim has been filed in both of the Debtors' Cases, the Claim will be paid by each Debtor, but the Creditor will receive only one total recovery.

Should the value of the Collateral securing a Secured Claim be less than the amount of the Claim, the Claim will be bifurcated into a Secured Claim equal to the value of the Collateral and an Unsecured Claim for the remainder.

#### b.   Claims Against Sivanandam, Case No. 23-42051

**Class Sivanandam 1: Allowed Secured Claim of Freedom Mortgage Corporation.** This Claim will be paid in full according to the Debtor's pre-Petition Date loan agreements with this Claimant.

**Class Sivanandam 2: Allowed Secured Claims of Frisco ISD.** This Claim shall be paid in full on the Effective Date, with interest accruing at the rate of 12% per annum from the Petition Date.

**Class Sivanandam 3: Allowed Secured Claims of Denton County, Texas.** This Claim shall be paid in full on the Effective Date, with interest accruing at the rate of 12% per annum from the Petition Date.

**Class Sivanandam 4: Allowed Secured Claims of Collin County Tax Assessor.** This Claim shall be paid in full on the Effective Date, with interest accruing at the rate of 12% per annum from the Petition Date.

**Class Sivanandam 5: Allowed General Unsecured Claims.** Claimants in this Class shall be paid pro-rata out of $2,000.00 per month in equal monthly payments over 36 months,

commencing on the first day of the first month following the Effective Date and continuing on the first day of each month thereafter until the expiration of 36 months.

**Class Sivanandam 6: Asset Ownership Interests.** Sivanandam shall retain his ownership interests in his real and personal property.

### c.    Claims Against Savvyan, Case No. 23-42043

**Class Savvyan 1: Allowed General Unsecured Claims.**   Claimants in this Class shall be paid pro-rata out of $500.00 per month in equal monthly payments over 36 months commencing on the first day of the first month following the Effective Date and continuing on the first day of each month thereafter until the expiration of 36 months.

### 6.5    Implementation of the Plan

**Source of Payments.** The Debtors intend to make all payments required under the Plan from available cash and income from the business operations of the Debtors.

**Risk Factors.** *Consider carefully the factors set forth below and the other information set forth in this Plan prior to voting on the Plan. These risk factors should not, however, be regarded as constituting the only risks involved with the Plan and its implementation.*

Bankruptcy Considerations. Although the Debtors believe that the Plan satisfies all requirements necessary for Confirmation, there can be no assurance that the Court will reach the same conclusion. Moreover, there can be no assurance that modifications of the Plan will not be required for Confirmation or that such modifications would not necessitate the re- solicitation of votes to accept the Plan as modified.

### 6.6    Feasibility of the Plan

The Debtor believes that the Plan is feasible because all creditors with Allowed Claims will be paid under fair and equitable terms.  Projections for the feasibility of the Plan are attached hereto as **Exhibit "3"** and incorporated herein by this reference.  The Monthly Operating Reports generated during the Chapter 11 by both Debtors are attached hereto as **Exhibit "4"** and incorporated herein by this reference.

### 6.7    Provisions Regarding Distributions and Objections to Claims

**a.    Time of Payment.** The first month in which payments will be made under this Plan will be as provided by the terms of this Plan.

**b.    Delivery of Payment.** All payments or distributions required under this Plan shall be made to holder of the applicable Claim at: (i) the address set forth on the Proofs of Claim filed by such holders (or at the last known address of such holders if no Proof of Claim is filed or if the Debtor has been notified of a change of address); (ii) the address set forth in any written notices of address change delivered to the Debtors after the date of any related Proof of Claim; or (iii) if neither of the foregoing is applicable, at the addresses reflected in the Debtors' bankruptcy schedules, unless otherwise agreed to by the holder of such Claim and the Debtor.

     **c.**    **No Distribution Pending Allowance or Estimation of Claims.** No payments or distributions shall be made with respect to all or any portion of a Contested Claim unless and until such Claim becomes an Allowed Claim or Allowed Interest, as determined by Final Order. No holder of a Claim shall be entitled to any payment under the Plan if such holder has retained property of the Estate.

     **d.**    **Objections to Claims.** Any party authorized by the Bankruptcy Code may object to the allowance of prepetition Claims at any time prior to sixty (60) days after the Effective Date or, as to Claims based upon the Debtor's rejection pursuant to this Plan of an executory contract or unexpired lease, at any time prior to thirty (30) days after the filing of any such rejection Claim. Any Proof of Claim filed after the Bar Date shall be of no force and effect and shall be deemed disallowed. All Contested Claims shall be litigated to Final Order; provided, however, that the Reorganized Debtor may compromise and settle any Contested Claim, subject to the approval of the Bankruptcy Court. Notwithstanding the foregoing, a person who is found to have received a voidable transfer shall have thirty (30) days following the date upon which the order ruling that such transfer is avoidable becomes a Final Order in which to file a Claim in the amount of such avoided transfer.

     **e.**    **Suspension of Payments on Disputed Claims.** If any Claim has been objected to within the time required, the Debtor shall segregate and set aside, from the funds on hand for distribution to the Claimant's Class, funds sufficient to satisfy the payment otherwise due on the Claim according to the provisions of the Plan. In the event that the claim objection is overruled or a dispute is resolved favorably to the party asserting the Claim, then the funds shall be paid to the Creditor in accordance with applicable Class provisions. In the event that the Disputed Claim is disallowed, the funds segregated in deference to the Claim shall be disbursed to other parties in interest, according to the applicable provisions of the Plan.

     **f.**    **Confirmation under Section 1191(b) – Distributions by Trustee.** If the Plan is Confirmed as a non-consensual plan under the provisions of 11 U.S.C. section 1191(b), the Trustee shall serve as the payment administrator pursuant to 11 U.S.C. section 1194(b) for the purpose of making distributions under the Plan and shall be compensated for his work as payment administrator at the same hourly rate as may be approved by the Court for his pre-Confirmation work in this Case. The Debtor shall submit such funds as are necessary for the Trustee to make distributions under the Plan no later than seven (7) days prior to the date such distributions are due.

**6.8**    <u>**Executory Contracts**</u>

     **a.**    **General Provisions.** "Assumption" of an executory contract or unexpired lease means that the Debtor has elected to continue to perform the obligations under such contracts and unexpired leases, and to cure defaults of the type that must be cured under the Bankruptcy Code, if any. If you object to the assumption, and if applicable the assignment, of your unexpired lease or executory contract under the Plan, the proposed cure of any defaults, or the adequacy of assurance of performance, you must file and serve your objection to the Plan within the deadline for objecting to Confirmation, unless the Court has set an earlier time.

     Savvyan hereby ASSUMES its lease agreement with Frisco West Caddo Office Reimagined regarding the premises located at 2770 Main Street, Suite 272, Frisco, TX 75033.

**b.    General Rejection of Executory Contracts and Unexpired Leases.**
Except for executory contracts and unexpired leases that have been assumed, and if applicable
assigned, before the Effective Date or under this section of this Plan, or that are the subject of a
pending motion to assume, and if applicable assign, or that were entered after the Petition Date,
the Debtors will be conclusively deemed to have rejected all executory contracts and unexpired
leases as of the Effective Date.

## ARTICLE VII
## RESERVATION OF CLAIMS

### 7.1    Reservation of Claims and Causes of Action

Any and all claims, causes of action, cross claims, or counterclaims held or assertable by
the Debtors, including but not limited to: (i) any claim or cause of action under a policy of liability
insurance or otherwise; (ii) the Avoidance Actions; and (iii) any and all claims, causes of action,
counterclaims, demands, controversies, against third parties on account of costs, debts, sums of
money, accounts, reckonings, bonds, bills, damages, obligations, liabilities, objections, and
executions of any nature, type, or description which the Debtors have or may come to have,
including, but not limited to, negligence, gross negligence, usury, fraud, deceit, misrepresentation,
conspiracy, unconscionability, duress, economic duress, defamation, control, interference with
contractual and business relationships, conflicts of interest, misuse of insider information,
concealment, disclosure, secrecy, misuse of collateral, wrongful release of collateral, failure to
inspect, environmental due diligence, negligent loan processing and administration, wrongful
setoff, violations of statutes and regulations of governmental entities, instrumentalities and
agencies (both civil and criminal), racketeering activities, securities and antitrust violations, tying
arrangements, deceptive trade practices, breach or abuse of fiduciary duty, breach of any alleged
special relationship, course of conduct or dealing, obligation of fair dealing, obligation of good
faith, whether or not in connection with or related to this Plan, at law or in equity, in contract or in
tort, or otherwise, known or unknown, suspected or unsuspected, are hereby preserved and retained
for enforcement by the Debtors as of the Confirmation Date. It is the intent of the Debtors that this
reservation of claims shall be as broad as permitted by applicable law and shall include all claims,
whether or not disclosed in the Debtors' Schedules and Statements.

SIVANANDAM AND SAVVYAN HEREBY EXPRESSLY RESERVE AND
RETAIN THEIR COUNTERCLAIMS AND CAUSES OF ACTION AGAINST
THEMESOFT, INC. AS DESCRIBED IN THE THEIR SCHEDULES.

### 7.2    Return of Fraudulent Transfers

Any Creditor determined to have received a transfer that is voidable pursuant to sections
544, 547, 548, 549, and/or 550 of the Bankruptcy Code or any other applicable law shall be
required to remit to the Debtors the determined amount of the avoided transfer prior to receiving
any distribution under this Plan.

## ARTICLE VIII
## EFFECT OF CONFIRMATION, DISCHARGE, RELEASES AND INJUNCTION

**8.1     Vesting of Property**

On the Confirmation Date of the Plan, all property of the Estate shall vest in the Debtors pursuant to sections 1141(b) and (c) of the Bankruptcy Code, free and clear of all Claims and interests except as otherwise provided in this Plan. This Plan will evidence the release of any and all Liens or encumbrances against all property dealt with by the Plan, unless such Lien or encumbrance is specifically retained in the Plan.

**8.2     Plan Creates New Obligations**

Except as otherwise provided in the Plan, (1) the payment terms promised in the Plan constitute new contractual obligations that replace any payment terms that existed prior to the Effective Date, and (2) all rights and obligations other than those new payment terms continue to apply.

**8.3     Legal Binding Effect**

The provisions of this Plan shall bind all holders of Claims and interests, whether or not they accept this Plan.

**8.4     Discharge**

If the Plan is confirmed under § 1191(a), on the Effective Date of the Plan, Savvyan will be discharged from any debt that arose before Confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; or (ii) to the extent provided in § 1141(d)(6). Sivanandam will receive a discharge after the payments called for by the Plan are paid as agreed.

If the Plan is confirmed under § 1191(b), Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 5 years of this Plan, or as otherwise provided in § 1192 of the Code. Sivanandam will not be discharged from any debt: (i) on which the last payment is due after the first 5 years of the plan, or as otherwise provided in § 1192; or (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

**8.5     Satisfaction of Claims and Interests**

Except as otherwise provided by the Plan, the consideration distributed under the Plan shall be in complete satisfaction of all Claims of any Creditor, including Claims arising prior to the Effective Date.

**8.6     Temporary Injunction**

Except as otherwise expressly provided in, or permitted under, this Plan, the Confirmation Order shall provide, among other things, that all Creditors and persons who have held, hold, or

may hold Claims or Interests against the Debtors or any third-party guarantor, are enjoined on and after the Effective Date as long as the Plan is not in default and has not been completed against the: (i) commencement or continuation of any judicial, administrative, or other action or proceeding against the Debtor or any third-party guarantor on account of Claims against the Debtors; (ii) enforcement, attachment, collection, or recovery by any manner or means of any judgment, award, decree, or order against the Debtors or any third-party guarantor or any assets or property of same; or (iii) creation, perfection, or enforcement of any encumbrance of any kind against the Debtor or any third-party guarantor arising from a Claim. Such injunction expires at the end of the Plan term at which time all Allowed Claims will have been paid in accordance with the terms of the Plan.

### 8.7   Modification of the Plan

**a.   Prior to Confirmation.** The Debtors may modify this Plan at any time prior to Confirmation, provided the modification complies with the requirements of sections 1122, 1123 and 1127 of the Bankruptcy Code. Upon the filing of any such modifications with the Bankruptcy Court, the Plan, as modified, becomes the Plan.

**b.   After Confirmation.** The Debtors may modify the Plan at any time after Confirmation, upon compliance with Bankruptcy Code § 1127. The Debtors or their attorney shall provide notice of any such proposed modification to all Creditors and other parties in interest in these Chapter 11 proceedings. If, in the opinion of the Bankruptcy Court, the modification does not materially and adversely affect the interest of the Creditors, the Bankruptcy Court may modify the Plan without notice to Creditors, or may modify the Plan upon notice only to those Creditors that the Bankruptcy Court deems to be materially and adversely affected.

### 8.8   Retention of Jurisdiction

The Bankruptcy Court shall retain jurisdiction over this Bankruptcy Case after Confirmation of the Plan to the fullest extent provided for, or allowed, under the Bankruptcy Code and other applicable law. Specifically, but not by way of limitation, the Bankruptcy Court shall retain jurisdiction for the following purposes:

**a.**   to consider and effect any modification of this Plan under Bankruptcy Code § 1127;

**b.**   to hear and determine all controversies, suits and disputes that arise in connection with the interpretation, implementation, effectuation, consummation or enforcement of this Plan;

**c.**   to hear and determine all requests for compensation and/or reimbursement of expenses for the period commencing on the Petition Date through the Confirmation Date;

**d.**   to hear and determine all objections to Claims and Interests, and to determine the appropriate classification of any Claim or Interest, and other controversies, suits and disputes that may be pending at or initiated after the Confirmation Date, except as provided in the Confirmation Order;

**e.**     to hear and determine all causes of action;

**f.**     to consider and act on such other matters consistent with this Plan as may be provided in the Confirmation Order;

**g.**     to make such Orders as are necessary and appropriate to carry out and implement the provisions of this Plan; including to effect the further assurances provided in this Plan;

**h.**     to approve the reasonableness of any payments made or to be made, within the meaning of Bankruptcy Code § 1129(a)(4);

**i.**     to exercise the jurisdiction granted pursuant to sections 505(a) and (b) of the Bankruptcy Code to determine any and all federal, state, Commonwealth, local and foreign tax liabilities of, and any and all refunds of such taxes paid by the Debtors;

**j.**     to hear and determine any issues or matters in connection with any property not timely claimed as provided in this Plan;

**k.**     to determine any and all motions, applications, adversary proceedings and Contested matters whether pending in the Case as of the Effective Date or brought subsequently by the Debtors; and

**l.**     to grant the Individual Debtor a discharge.

Nothing contained herein shall be construed to limit the rights of the Debtors to commence or prosecute any claim in any court of competent jurisdiction.

## ARTICLE IX
## MISCELLANEOUS PROVISIONS

### 9.1    Request for Relief Under Bankruptcy Code § 1129(b)

In the event any Impaired Class of Claims or Interests shall fail to accept this Plan in accordance with Bankruptcy Code § 1129(a), the Plan Proponents request that the Bankruptcy Court confirm this Plan in accordance with the provisions of Bankruptcy Code § 1129(b).

### 9.2    Headings

All headings utilized in this Plan are for convenience and reference only, and shall not constitute a part of this Plan for any other purpose.

### 9.3    Due Authorization

Each and every Claimant who elects to participate in the distributions provided for herein warrants that such Claimant is authorized to accept, in consideration of such Claim against the Debtors, the distributions provided for in this Plan and that there are not outstanding commitments,

agreements, or understandings, express or implied, that may or can in any way defeat or modify the rights conveyed or obligations undertaken by such Claimant under this Plan.

### 9.4    Further Assurances and Authorizations

The Debtors shall seek such orders, judgments, injunctions, and rulings that may be required to carry out further the intentions and purposes, and to give full effect to the provisions of, this Plan.

### 9.5    Applicable Law

Except to the extent that the Bankruptcy Code or other federal law is applicable, the rights, duties, and obligations arising under this Plan shall be governed by and construed and enforced in accordance with the internal laws of the State of Texas without reference to the laws of other jurisdictions.

### 9.6    No Interest

Except as expressly stated in this Plan, or allowed by the Bankruptcy Court, no interest, penalty, or late charge is to be Allowed on any Claim subsequent to the Petition Date.

### 9.7    Post-Confirmation Actions

After Confirmation, the Debtors may, with the approval of the Bankruptcy Court, and so long as it does not materially or adversely affect the interests of the Creditors, remedy any defect or omission, or reconcile any inconsistencies in the Plan or in the Confirmation Order, in such manner as may be necessary to carry out the purposes and effect of the Plan.

### 9.8    Notices of Default

Notwithstanding anything contained herein to the contrary, no Claimant shall have the right to exercise any rights under the Plan unless and until the Debtors fail to cure any default within thirty (30) days of receipt of written notice of such default to the Debtors and the undersigned counsel.

### 9.9    Notices

All notices, requests, elections, or demands in connection with the Plan shall be in writing and shall be deemed to have been given when received or, if mailed, five (5) days after the date of mailing provided such writing shall have been sent by registered or certified mail, postage prepaid, return receipt requested. Notices provided to the Debtor under this Plan shall be sent to the Debtors at the address to be provided in the Confirmation Order. A copy of all notices provided to the Debtors shall be sent to: (i) the Debtors' attorney, Joyce W. Lindauer, Joyce W. Lindauer Attorney,

PLLC, 1412 Main Street. Suite 500 Dallas TX 75202 Telephone: (972) 503-4033; Fax: (972) 503-4034; Email: joyce@joycelindauer.com.

### 9.10   Payment Dates

Whenever any payment or distribution to be made under the Plan shall be due on a day other than a Business Day, such payment or distribution shall instead be made, without interest, on the next Business Day, except as may be provided in negotiable instruments requiring such payments.

### 9.11   De Minimis Distribution

No single distribution payment of less than $5.00 shall be required to be made to any holder of an Allowed Claim. Rather, any such de minimis distribution amount shall be held by the Debtors, added to the amount of the next distribution, and remitted to the holder of the Allowed Claim upon reaching a total greater than $5.00.

Dated: January 18, 2024.

Respectfully submitted,

  _/s/ Joyce W. Lindauer_
Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main St. Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Debtors


Savvyan Technologies, LLC

By: /s/ Kamalakannan Sivanandam
Its: Sr. Leader


  _/s/ Kamalakannan Sivanandam_
Kamalakanna Sivanandam

# EXHIBIT "1"

**Fill in this information to identify your case and this filing:**

| | |
|---|---|
| Debtor 1 | **Kamalakannan**          **Sivanandam** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | **EASTERN DISTRICT OF TEXAS** |
| Case number (if known) | **23-42051-btr** |

☐ Check if this is an amended filing

Official Form 106A/B

# Schedule A/B: Property

12/15

In each category, separately list and describe items.  List an asset only once.  If an asset fits in more than one category, list the asset in the category where you think it fits best.  Be as complete and accurate as possible.  If two married people are filing together, both are equally responsible for supplying correct information.  If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write your name and case number (if known).  Answer every question.

## Part 1:  Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1.  Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No.  Go to Part 2.
☑ Yes.  Where is the property?

**1.1.**
**7625 Chuck Wagon Trail, Frisco, TX 75035**

_____
County

**What is the property?**
Check all that apply.

☑ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?**
Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Do not deduct secured claims or exemptions.  Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**  $900,000.00

**Current value of the portion you own?**  $900,000.00

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

**Homestead**
_____

☐ Check if this is community property (see instructions)

2.  Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1.  Write that number here..........................................................➔   **$900,000.00**

Debtor 1   **Kamalakannan Sivanandam**                                    Case number (if known)   **23-42051-btr**

## Part 2:    Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?**  Include any vehicles you own that someone else drives.  If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3.    **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
☑ Yes

| 3.1. | | Who has an interest in the property?<br>Check one. | Do not deduct secured claims or exemptions.  Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|
| Make: | **Jaguar** | ☑ Debtor 1 only | |
| Model: | **F-Pace** | ☐ Debtor 2 only | |
| Year: | **2017** | ☐ Debtor 1 and Debtor 2 only | **Current value of the entire property?** / **Current value of the portion you own?** |
| Approximate mileage: | **120,000** | ☐ At least one of the debtors and another | |
| Other information: | | | **$15,000.00**        **$15,000.00** |

**2017 Jaguar F-Pace (approx. 120,000 miles)**

☐ Check if this is community property (see instructions)

| 3.2. | | Who has an interest in the property?<br>Check one. | Do not deduct secured claims or exemptions.  Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|
| Make: | **Mercedes Benz** | ☐ Debtor 1 only | |
| Model: | **GL450** | ☐ Debtor 2 only | |
| Year: | **2015** | ☐ Debtor 1 and Debtor 2 only | **Current value of the entire property?** / **Current value of the portion you own?** |
| Approximate mileage: | **150,000** | ☑ At least one of the debtors and another | |
| Other information: | | | **$10,000.00**        **$10,000.00** |

**2015 Mercedes Benz GL450 (approx. 150,000 miles)**

☐ Check if this is community property (see instructions)

4.    **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
      *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

☑ No
☐ Yes

5.    Add the dollar value of the portion you own for all of your entries from Part 2, including any
      entries for pages you have attached for Part 2.  Write that number here...........................................  ➔   | **$25,000.00** |

## Part 3:    Describe Your Personal and Household Items

**Do you own or have any legal or equitable interest in any of the following items?**

Current value of the portion you own?
Do not deduct secured claims or exemptions.

6.    **Household goods and furnishings**
      *Examples:* Major appliances, furniture, linens, china, kitchenware

☐ No
☑ Yes.  Describe.....   | **Furniture, Appliances, Kitchenware, etc.** |        **$5,000.00**

7.    **Electronics**
      *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners;
      music collections; electronic devices including cell phones, cameras, media players, games

☐ No
☑ Yes.  Describe.....   | **Television, Audio, Video, Computers, Laptops, Printers, Cell Phone, etc.** |        **$5,000.00**

| Debtor 1 | **Kamalakannan Sivanandam** | Case number (if known) | **23-42051-btr** |
|---|---|---|---|

8. **Collectibles of value**
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

☑ No
☐ Yes. Describe.....

9. **Equipment for sports and hobbies**
*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

☐ No
☑ Yes. Describe.....    **Cricket kit**    **$50.00**

10. **Firearms**
*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment

☑ No
☐ Yes. Describe.....

11. **Clothes**
*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories

☐ No
☑ Yes. Describe.....    **Misc. men's clothing, leather coats, shoes, accessories**    **$1,000.00**

12. **Jewelry**
*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

☐ No
☑ Yes. Describe.....    **Men's wrist bangle, watches**    **$2,000.00**

13. **Non-farm animals**
*Examples:* Dogs, cats, birds, horses

☑ No
☐ Yes. Describe.....

14. **Any other personal and household items you did not already list, including any health aids you did not list**

☑ No
☐ Yes. Give specific information............

15. **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write the number here**................................................................➔    **$13,050.00**

## Part 4:    Describe Your Financial Assets

Do you own or have any legal or equitable interest in any of the following?

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

16. **Cash**
*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

☐ No
☑ Yes...................................................................................................................... Cash: .........................    **$300.00**

Debtor 1    **Kamalakannan Sivanandam**                          Case number (if known)  **23-42051-btr**

**17.  Deposits of money**

*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions.  If you have multiple accounts with the same institution, list each.

☐ No
☑ Yes...........................          Institution name:

| | | | |
|---|---|---|---|
| 17.1. | Checking account: | **Checking account - Bank of America (6510)** | **$7,115.03** |
| 17.2. | Checking account: | **Checking account - Chase (7385)** | **$1,661.00** |
| 17.3. | Checking account: | **Checking account - Capital One (9406)** | **$679.69** |
| 17.4. | Savings account: | **Savings account - Bank of America (9719)** | **$1,302.42** |
| 17.5. | Savings account: | **Savings account - Bank of America (8653)** | **$61,037.67** |
| 17.6. | Savings account: | **Savings account - Chase (5663)** | **$1,330.74** |
| 17.7. | Savings account: | **Savings account - Chase - Minor Child (8137)** | **$4.40** |
| 17.8. | Savings account: | **Savings account - Chase (8152) - Minor Child** | **$362.00** |
| 17.9. | Savings account: | **Savings account - Capital One (5956)** | **$334.86** |
| 17.10. | Savings account: | **Savings account - Capital One (4075)** | **$0.00** |
| 17.11. | Savings account: | **Savings account - Capital One (5611)** | **$410.08** |

**18.  Bonds, mutual funds, or publicly traded stocks**

*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

☐ No
☑ Yes...........................          Institution or issuer name:

| | |
|---|---|
| **TD Ameritrade (6106)** | **$1,243.82** |
| **TD Ameritrade (6933)** | **$1,346.22** |

**19.  Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

☐ No
☑ Yes.  Give specific information about them..........................

| Name of entity: | % of ownership: | |
|---|---|---|
| **Foodians LLC** | **100%** | **$1,000.00** |
| **LivemindzInc LLC d/b/a Chithirai Business Associates** | **100%** | **$1,000.00** |
| **Savvyan Technologies, LLC** | **100%** | **$250,000.00** |
| **Cricgear LLC dba Ziliyan Technologies** | **100%** | **$1,000.00** |
| **Saffron Restaurants LLC - business not currently operating** | **100%** | **$0.00** |
| **Mango Leaf Restaurants LLC dba Mango Leaf Foodies Hub** | **100%** | **$1,000.00** |
| **Mango Leaf Stores LLC.  Business is not currently operating and holds no assets.** | **100%** | **$0.00** |
| **Digital Minds Technologies Inc.** | **59%** | **$250,000.00** |

Debtor 1   **Kamalakannan Sivanandam**                    Case number (if known)   **23-42051-btr**

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
    *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
    *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

    ☑ No
    ☐ Yes.  Give specific
    information about
    them.......................   Issuer name:

21. **Retirement or pension accounts**
    *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or
    profit-sharing plans

    ☑ No
    ☐ Yes.  List each
    account separately.   Type of account:   Institution name:

22. **Security deposits and prepayments**
    Your share of all unused deposits you have made so that you may continue service or use from a company
    *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications
    companies, or others

    ☑ No
    ☐ Yes............................   Institution name or individual:

23. **Annuities**  (A contract for a specific periodic payment of money to you, either for life or for a number of years)

    ☑ No
    ☐ Yes............................   Issuer name and description:

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
    26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

    ☑ No
    ☐ Yes............................   Institution name and description.  Separately file the records of any interests.  11 U.S.C. § 521(c)

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or**
    **powers exercisable for your benefit**

    ☑ No
    ☐ Yes.  Give specific
    information about them

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property;**
    *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

    ☑ No
    ☐ Yes.  Give specific
    information about them

27. **Licenses, franchises, and other general intangibles**
    *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

    ☑ No
    ☐ Yes.  Give specific
    information about them

**Money or property owed to you?**                              **Current value of the**
                                                               **portion you own?**
                                                               Do not deduct secured
                                                               claims or exemptions.

28. **Tax refunds owed to you**

    ☐ No
    ☑ Yes.  Give specific information    | Federal: 2022 Tax Refund due.  Amt: $30,747.00 |   Federal:   **$30,747.00**
    about them, including whether
    you already filed the returns                                                            State:   **$0.00**
    and the tax years......................
                                                                                             Local:   **$0.00**

Debtor 1    **Kamalakannan Sivanandam**                          Case number (if known)   **23-42051-btr**

**29. Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

☑ No
☐ Yes. Give specific information

| | |
|---|---|
| | Alimony: _____ |
| | Maintenance: _____ |
| | Support: _____ |
| | Divorce settlement: _____ |
| | Property settlement: _____ |

**30. Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else

☑ No
☐ Yes. Give specific information _____ _____

**31. Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

☑ No
☐ Yes. Name the insurance
company of each policy
and list its value................    Company name:              Beneficiary:              Surrender or refund value:

**32. Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died

☑ No
☐ Yes. Give specific information _____ _____

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

☑ No
☐ Yes. Describe each claim........ _____ _____

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

☐ No
☑ Yes. Describe each claim........    **Potential claims and causes of action against Themesoft Inc.**    **$2,800,000.00**

**35. Any financial assets you did not already list**

☑ No
☐ Yes. Give specific information _____ _____

**36.** Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here................................................................... ➔    **$3,411,874.93**

**Part 5:   Describe Any Business-Related Property You Own or Have an Interest In.   List any real estate in Part 1.**

**37. Do you own or have any legal or equitable interest in any business-related property?**

☑ No. Go to Part 6.
☐ Yes. Go to line 38.

Debtor 1    **Kamalakannan Sivanandam**    Case number (if known)    **23-42051-btr**

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**38. Accounts receivable or commissions you already earned**

☑ No
☐ Yes. Describe..

**39. Office equipment, furnishings, and supplies**
*Examples:* Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices

☑ No
☐ Yes. Describe..

**40. Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**

☑ No
☐ Yes. Describe..

**41. Inventory**

☑ No
☐ Yes. Describe..

**42. Interests in partnerships or joint ventures**

☑ No
☐ Yes. Describe.....   Name of entity:                     % of ownership:

**43. Customer lists, mailing lists, or other compilations**

☑ No
☐ Yes. **Do your lists include personally identifiable information** (as defined in 11 U.S.C. § 101(41A))?

    ☐ No
    ☐ Yes. Describe....

**44. Any business-related property you did not already list**

☑ No
☐ Yes. Give specific information.

**45. Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached for Part 5. Write that number here.................................................................................** ➡ $0.00

---

**Part 6:    Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.**
**If you own or have an interest in farmland, list it in Part 1.**

**46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

☑ No. Go to Part 7.
☐ Yes. Go to line 47.

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**47. Farm animals**
*Examples:* Livestock, poultry, farm-raised fish

☑ No
☐ Yes....

Debtor 1   **Kamalakannan Sivanandam**                    Case number (if known)   __23-42051-btr__

48. **Crops--either growing or harvested**

☑ No
☐ Yes.  Give specific
information...............

49. **Farm and fishing equipment, implements, machinery, fixtures, and tools of trade**

☑ No
☐ Yes....

50. **Farm and fishing supplies, chemicals, and feed**

☑ No
☐ Yes....

51. **Any farm- and commercial fishing-related property you did not already list**

☑ No
☐ Yes.  Give specific
information...............

52. **Add the dollar value of all of your entries from Part 6, including any entries for pages you have attached for Part 6.  Write that number here**..........................................................................➔    **$0.00**

| **Part 7:** | **Describe All Property You Own or Have an Interest in That You Did Not List Above** |

53. **Do you have other property of any kind you did not already list?**
*Examples:* Season tickets, country club membership

☑ No
☐ Yes.  Give specific information.

54. **Add the dollar value of all of your entries from Part 7.  Write that number here**.............................➔    **$0.00**

| **Part 8:** | **List the Totals of Each Part of this Form** |

55. **Part 1: Total real estate, line 2**..................................................................................................➔    **$900,000.00**

56. **Part 2: Total vehicles, line 5**                                     **$25,000.00**

57. **Part 3: Total personal and household items, line 15**           **$13,050.00**

58. **Part 4: Total financial assets, line 36**                         **$3,411,874.93**

59. **Part 5: Total business-related property, line 45**                **$0.00**

60. **Part 6: Total farm- and fishing-related property, line 52**       **$0.00**

61. **Part 7: Total other property not listed, line 54**          +     **$0.00**

62. **Total personal property.**   Add lines 56 through 61.................   **$3,449,924.93**   Copy personal ➔  +   **$3,449,924.93**
property total

63. **Total of all property on Schedule A/B.**   Add line 55 + line 62.................................................   **$4,349,924.93**

# EXHIBIT "2"

**Fill in this information to identify the case**

| | |
|---|---|
| Debtor name | **Savvyan Technologies, LLC** |
| United States Bankruptcy Court for the: | **EASTERN DISTRICT OF TEXAS** |
| Case number (if known) | **23-42043-btr** |

☐ Check if this is an amended filing

Official Form 206A/B

## Schedule A/B: Assets -- Real and Personal Property

12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest.  Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized.  In Schedule A/B, list any executory contracts or unexpired leases.  Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible.  If more space is needed, attach a separate sheet to this form.  At the top of any pages added, write the debtor's name and case number (if known).  Also identify the form and line number to which the additional information applies.  If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category.  List each asset only once.  In valuing the debtor's interest, do not deduct the value of secured claims.  See the instructions to understand the terms used in this form.

### Part 1:    Cash and cash equivalents

1.  **Does the debtor have any cash or cash equivalents?**

☐ No.  Go to Part 2.
☑ Yes.  Fill in the information below.

**All cash or cash equivalents owned or controlled by the debtor**

**Current value of debtor's interest**

2.  **Cash on hand**

3.  **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | Current value |
|---|---|---|---|---|
| 3.1. | **Checking account - Chase Bank (2901)** | **Checking account** | 2 9 0 1 | $20,330.86 |
| 3.2. | **Checking account - Chase Bank (8687)** | **Checking account** | 8 6 8 7 | $985.31 |
| 3.3. | **Savings account - Chase Bank (1609)** | **Savings account** | 1 6 0 9 | $259.73 |
| 3.4. | **Checking account - Capital One (5363)** | **Checking account** | 5 3 6 3 | $48.66 |
| 3.5. | **Savings account - Capital One (0116)** | **Savings account** | 0 1 1 6 | $693.25 |

4.  **Other cash equivalents**     *(Identify all)*

Name of institution (bank or brokerage firm)

5.  **Total of Part 1**
Add lines 2 through 4 (including amounts on any additional sheets).  Copy the total to line 80.

$22,317.81

### Part 2:  Deposits and prepayments

6.  **Does the debtor have any deposits or prepayments?**

☑ No.  Go to Part 3.
☐ Yes.  Fill in the information below.

| Debtor | **Savvyan Technologies, LLC** | Case number (if known) | __23-42043-btr__ |
|---|---|---|---|
| | Name | | |

|  | | Current value of debtor's interest |
|---|---|---|

**7.** Deposits, including security deposits and utility deposits

Description, including name of holder of deposit

**8.** Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent

Description, including name of holder of prepayment

**9.** Total of Part 2.
Add lines 7 through 8.  Copy the total to line 81.

$0.00

## Part 3:   Accounts receivable

**10.** Does the debtor have any accounts receivable?

☐ No.  Go to Part 4.
☑ Yes.  Fill in the information below.

Current value of debtor's interest

**11.** Accounts receivable

11a. 90 days old or less: __$261,045.28__ – __$0.00__ = ............➔ __$261,045.28__
face amount                        doubtful or uncollectible accounts

11b. Over 90 days old: __$109,982.32__ – __$0.00__ = ............➔ __$109,982.32__
face amount                        doubtful or uncollectible accounts

**12.** Total of Part 3
Current value on lines 11a + 11b = line 12.  Copy the total to line 82.

$371,027.60

## Part 4:   Investments

**13.** Does the debtor own any investments?

☑ No.  Go to Part 5.
☐ Yes.  Fill in the information below.

|  | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**14.** Mutual funds or publicly traded stocks not included in Part 1

Name of fund or stock:

**15.** Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture

Name of entity:                        % of ownership:

**16.** Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1

Describe:

**17.** Total of Part 4
Add lines 14 through 16.  Copy the total to line 83.

$0.00

## Part 5:   Inventory, excluding agriculture assets

**18.** Does the debtor own any inventory (excluding agriculture assets)?

☑ No.  Go to Part 6.
☐ Yes.  Fill in the information below.

Debtor    **Savvyan Technologies, LLC**                                    Case number (if known)    **23-42043-btr**
          Name

| General description | Date of the last physical inventory MM/DD/YYYY | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| **20. Work in progress** | | | | |
| **21. Finished goods, including goods held for resale** | | | | |
| **22. Other inventory or supplies** | | | | |

**23. Total of Part 5**
Add lines 19 through 22. Copy the total to line 84.                                    $0.00

**24. Is any of the property listed in Part 5 perishable?**
☐ No
☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
☐ No
☐ Yes. Book value _____ Valuation method _____ Current value _____

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**
☐ No
☐ Yes

---

**Part 6:    Farming and fishing-related assets (other than titled motor vehicles and land)**

**27. Does the debtor own or lease any farming or fishing-related assets (other than titled motor vehicles and land)?**
☑ No.  Go to Part 7.
☐ Yes.  Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops--either planted or harvested** | | | |
| **29. Farm animals**  *Examples:* Livestock, poultry, farm-raised fish | | | |
| **30. Farm machinery and equipment**  (Other than titled motor vehicles) | | | |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |

**33. Total of Part 6.**
Add lines 28 through 32. Copy the total to line 85.                                    $0.00

**34. Is the debtor a member of an agricultural cooperative?**
☐ No
☐ Yes.  Is any of the debtor's property stored at the cooperative?
    ☐ No
    ☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
☐ No
☐ Yes. Book value _____ Valuation method _____ Current value _____

**36. Is a depreciation schedule available for any of the property listed in Part 6?**
☐ No
☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**
☐ No
☐ Yes

Debtor   **Savvyan Technologies, LLC**                                      Case number (if known)   **23-42043-btr**
         Name

## Part 7:   Office furniture, fixtures, and equipment; and collectibles

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

    ☐ No. Go to Part 8.
    ☒ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39. Office furniture** | | | |
| Office tables (2) and chairs (2) | | | $600.00 |
| **40. Office fixtures** | | | |
| **41. Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| Laptops (2), desktop, cell phones (2) | | | $750.00 |

42. **Collectibles**   *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

43. **Total of Part 7.**
    Add lines 39 through 42. Copy the total to line 86.

    | $1,350.00 |

44. **Is a depreciation schedule available for any of the property listed in Part 7?**
    ☒ No
    ☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
    ☒ No
    ☐ Yes

## Part 8:   Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

    ☒ No. Go to Part 9.
    ☐ Yes. Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| **49. Aircraft and accessories** | | | |
| **50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |

51. **Total of Part 8.**
    Add lines 47 through 50. Copy the total to line 87.

    | $0.00 |

52. **Is a depreciation schedule available for any of the property listed in Part 8?**
    ☐ No
    ☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
    ☐ No
    ☐ Yes

Debtor   **Savvyan Technologies, LLC**                                    Case number (if known)   **23-42043-btr**
         Name

---

## Part 9:  Real property

54.   **Does the debtor own or lease any real property?**

☐ No.  Go to Part 10.
☑ Yes.  Fill in the information below.

55.   **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description<br>such as Assessor Parcel Number (APN),<br>and type of property (for example,<br>acreage, factory, warehouse, apartment or<br>office building), if available. | Nature and extent<br>of debtor's interest<br>in property | Net book value of<br>debtor's interest<br>(Where available) | Valuation method<br>used for current<br>value | Current value of<br>debtor's interest |
|---|---|---|---|---|
| 55.1.  **2770 Main Street, Suite 272, Frisco,<br>TX 75033** | Lease | _____ | _____ | $0.00 |

56.   **Total of Part 9.**
Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.  Copy the total to line 88.    | $0.00 |

57.   **Is a depreciation schedule available for any of the property listed in Part 9?**
☑ No
☐ Yes

58.   **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
☑ No
☐ Yes

---

## Part 10:  Intangibles and Intellectual Property

59.   **Does the debtor have any interests in intangibles or intellectual property?**

☐ No.  Go to Part 11.
☑ Yes.  Fill in the information below.

| General description | Net book value of<br>debtor's interest<br>(Where available) | Valuation method<br>used for current value | Current value of<br>debtor's interest |
|---|---|---|---|
| 60.  **Patents, copyrights, trademarks, and trade secrets** | | | |
| 61.  **Internet domain names and websites** | | | |
| **www.savvyan.com** | _____ | _____ | $100.00 |
| 62.  **Licenses, franchises, and royalties** | | | |
| 63.  **Customer lists, mailing lists, or other compilations** | | | |
| 64.  **Other intangibles, or intellectual property** | | | |
| 65.  **Goodwill** | | | |

66.   **Total of Part 10.**
Add lines 60 through 65.  Copy the total to line 89.    | $100.00 |

67.   **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**
☑ No
☐ Yes

68.   **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
☑ No
☐ Yes

69.   **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
☑ No
☐ Yes

---

| | |
|---|---|
| Debtor  **Savvyan Technologies, LLC** | Case number (if known)   **23-42043-btr** |
| Name | |

## Part 11: All other assets

**70.** **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No.  Go to Part 12.
☑ Yes.  Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**71.** **Notes receivable**

Description (include name of obligor)

**72.** **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

**73.** **Interests in insurance policies or annuities**

**74.** **Causes of action against third parties (whether or not a lawsuit has been filed)**

| **Counter-claims against Themesoft, LLC** | **$3,500,000.00** |
|---|---|
| Nature of claim | |
| Amount requested | |
| **Claims against Digital Minds** | **Unknown** |
| Nature of claim | |
| Amount requested | |

**75.** **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

**76.** **Trusts, equitable or future interests in property**

**77.** **Other property of any kind not already listed**  *Examples:* Season tickets, country club membership

**78.** **Total of Part 11.**
Add lines 71 through 77.  Copy the total to line 90.     **$3,500,000.00**

**79.** **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
☑ No
☐ Yes

| Debtor | **Savvyan Technologies, LLC** | Case number (if known) | **23-42043-btr** |
|---|---|---|---|
| | Name | | |

## Part 12:   Summary

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| **80.** **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | **$22,317.81** | |
| **81.** **Deposits and prepayments.** *Copy line 9, Part 2.* | **$0.00** | |
| **82.** **Accounts receivable.** *Copy line 12, Part 3.* | **$371,027.60** | |
| **83.** **Investments.** *Copy line 17, Part 4.* | **$0.00** | |
| **84.** **Inventory.** *Copy line 23, Part 5.* | **$0.00** | |
| **85.** **Farming and fishing-related assets.** *Copy line 33, Part 6.* | **$0.00** | |
| **86.** **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | **$1,350.00** | |
| **87.** **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | **$0.00** | |
| **88.** **Real property.** *Copy line 56, Part 9.*...............................➔ | | **$0.00** |
| **89.** **Intangibles and intellectual property.** *Copy line 66, Part 10.* | **$100.00** | |
| **90.** **All other assets.** *Copy line 78, Part 11.* | + **$3,500,000.00** | |
| **91.** **Total.** Add lines 80 through 90 for each column.   91a. | **$3,894,795.41**   + | 91b.   **$0.00** |

**92.** **Total of all property on Schedule A/B.** Lines 91a + 91b = 92......................................................................   **$3,894,795.41**

# EXHIBIT "3"

**CHAPTER 11 DEBTOR PROJECTIONS**
**Kamalakannan Sivanandam**
**Case No. 23-42051**

NOTE:  Calculations presume an Effective Date of 2.1.24

| | | Feb | March | Apr | May | June | July | Aug | Sept | Oct | Nov |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Month 1 | Month 2 | Month 3 | Month 4 | Month 5 | Month 6 | Month 7 | Month 8 | Month 9 | Month 10 |
| **INCOME** | | | | | | | | | | | |
| | Receipts - Sivanandam | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 |
| | Legal Retainer (Sivanandam) - $762+$1,738 (filing fee) | 2,500.00 | | | | | | | | | |
| | NET INCOME | 22,500.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 |
| **EXPENSES** | | | | | | | | | | | |
| | Disbursements - Sivanandam | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| | TOTAL EXPENSES | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| **PLAN PAYMENTS**   Class | | | | | | | | | | | |
| - | **Allowed Administrative Claims** | | | | | | | | | | |
| | Joyce W. Lindauer Attorney, PLLC (Plan Section 4.4) | 0.00 | | | | | | | | | |
| | Mark Weisbart, Subchapter V Trustee (Plan Section 4.4) | 0.00 | | | | | | | | | |
| - | **Priority Claims** | | | | | | | | | | |
| - | Priority Wage Claims | 0.00 | | | | | | | | | |
| Sivanandam   1 | Allowed Secured Claims of Freedom Mortgage Corporation (per pre-Petition Loan Agmt) - **Payment accounted for in Disbursments.** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Sivanandam   2 | Allowed Secured Claims of Frisco ISD (POC 2&4) ($7539.79+$2843.49=$10,383.28 +12% interest from Pet. to Eff. Date | 10,709.12 | | | | | | | | | |
| Sivanandam   3 | Allowed Secured Claims of Denton County Texas (POC 1&11) - $1500.61+$1650.68=$3151.29+12% from Pet. to Eff. Date | 3,250.18 | | | | | | | | | |
| Sivanandam   4 | Allowed Secured Claims of Collin County Tax Assessor (POC 3) - $69.47+12% from Pet. to Eff. Date | 71.65 | 71.65 | 71.65 | 71.65 | 71.65 | 71.65 | 71.65 | 71.65 | 71.65 | 71.65 |
| Sivanandam   5 | Allowed General Unsecured Claims | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 |
| Sivanandam   6 | Asset Ownership Interests (Retained) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | TOTAL PLAN PAYMENTS | 16,030.95 | 2,071.65 | 2,071.65 | 2,071.65 | 2,071.65 | 2,071.65 | 2,071.65 | 2,071.65 | 2,071.65 | 2,071.65 |
| **NET INCOME** | | -8,530.95 | 2,928.35 | 2,928.35 | 2,928.35 | 2,928.35 | 2,928.35 | 2,928.35 | 2,928.35 | 2,928.35 | 2,928.35 |
| **CUMULATIVE INCOME** | | -8,530.95 | -5,602.60 | -2,674.25 | 254.10 | 3,182.45 | 6,110.80 | 9,039.15 | 11,967.50 | 14,895.85 | 17,824.20 |

**CHAPTER 11 DEBTOR PROJECTIONS**
**Savvyan Technologies, LLC**
**Case No. 23-42051**

| | | Feb | March | Apr | May | June | July | Aug | Sept | Oct | Nov |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Month 1 | Month 2 | Month 3 | Month 4 | Month 5 | Month 6 | Month 7 | Month 8 | Month 9 | Month 10 |
| **INCOME** | | | | | | | | | | | |
| | Receipts - Savvyan | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 |
| | Legal Retainer (Savvyan) - $10,000+$1,738 (filing fee) | 11,738.00 | | | | | | | | | |
| | NET INCOME | 251,738.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 |
| **EXPENSES** | | | | | | | | | | | |
| | Disbursements - Savvyan | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 |
| | TOTAL EXPENSES | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 |
| **PLAN PAYMENTS**   Class | | | | | | | | | | | |
| - | **Allowed Administrative Claims** | | | | | | | | | | |
| | Joyce W. Lindauer Attorney, PLLC (Plan Section 4.4) | 0.00 | | | | | | | | | |
| | Mark Weisbart, Subchapter V Trustee (Plan Section 4.4) | 0.00 | | | | | | | | | |
| - | **Priority Claims** | | | | | | | | | | |
| | Internal Revenue Service (Plan Section 4.4) - POC 2 | 2,963.16 | | | | | | | | | |
| | Texas Workforce Commission (Plan Section 4.4) - POC 1 | 455.32 | | | | | | | | | |
| | Texas Comptroller (Plan Section 4.4) - Scheduled Claim | 1,766.42 | | | | | | | | | |
| - | Priority Wage Claims | 0.00 | | | | | | | | | |
| Savvyan   1 | Allowed General Unsecured Claims | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| | TOTAL PLAN PAYMENTS | 5,684.90 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **NET INCOME** | | 16,053.10 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 |
| **CUMULATIVE INCOME** | | 16,053.10 | 26,053.10 | 36,053.10 | 46,053.10 | 56,053.10 | 66,053.10 | 76,053.10 | 86,053.10 | 96,053.10 | 106,053.10 |

**CHAPTER 11 DEBTOR PROJECTIONS**
**Kamalakannan Sivanandam**
**Case No. 23-42051**

| | | Dec | Jan | Feb | March | Apr | May | June | July | Aug |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Month 11 | Month 12 | Month 13 | Month 14 | Month 15 | Month 16 | Month 17 | Month 18 | Month 19 |
| **INCOME** | | | | | | | | | | |
| | Receipts - Sivanandam | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 |
| | Legal Retainer (Sivanandam) - $762+$1,738 (filing fee) | | | | | | | | | |
| | NET INCOME | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 |
| **EXPENSES** | | | | | | | | | | |
| | Disbursements - Sivanandam | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| | TOTAL EXPENSES | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| **PLAN PAYMENTS** Class | | | | | | | | | | |
| - | **Allowed Administrative Claims** | | | | | | | | | |
| | Joyce W. Lindauer Attorney, PLLC (Plan Section 4.4) | | | | | | | | | |
| | Mark Weisbart, Subchapter V Trustee (Plan Section 4.4) | | | | | | | | | |
| - | **Priority Claims** | | | | | | | | | |
| | Priority Wage Claims | | | | | | | | | |
| Sivanandam 1 | Allowed Secured Claims of Freedom Mortgage Corporation (per pre-Petition Loan Agmt) - **Payment accounted for in Disbursments.** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Sivanandam 2 | Allowed Secured Claims of Frisco ISD (POC 2&4) ($7539.79+$2843.49=$10,383.28 +12% interest from Pet. to Eff. Date | | | | | | | | | |
| Sivanandam 3 | Allowed Secured Claims of Denton County Texas (POC 1&11) - $1500.61+$1650.68=$3151.29+12% from Pet. to Eff. Date | | | | | | | | | |
| Sivanandam 4 | Allowed Secured Claims of Collin County Tax Assessor (POC 3) - $69.47+12% from Pet. to Eff. Date | 71.65 | 71.65 | 71.65 | 71.65 | 71.65 | 71.65 | 71.65 | 71.65 | 71.65 |
| Sivanandam 5 | Allowed General Unsecured Claims | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 |
| Sivanandam 6 | Asset Ownership Interests (Retained) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | TOTAL PLAN PAYMENTS | 2,071.65 | 2,071.65 | 2,071.65 | 2,071.65 | 2,071.65 | 2,071.65 | 2,071.65 | 2,071.65 | 2,071.65 |
| **NET INCOME** | | 2,928.35 | 2,928.35 | 2,928.35 | 2,928.35 | 2,928.35 | 2,928.35 | 2,928.35 | 2,928.35 | 2,928.35 |
| **CUMULATIVE INCOME** | | 20,752.55 | 23,680.90 | 26,609.25 | 29,537.60 | 32,465.95 | 35,394.30 | 38,322.65 | 41,251.00 | 44,179.35 |

**CHAPTER 11 DEBTOR PROJECTIONS**
**Savvyan Technologies, LLC**
**Case No. 23-42051**

| | | Dec | Jan | Feb | March | Apr | May | June | July | Aug |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Month 11 | Month 12 | Month 13 | Month 14 | Month 15 | Month 16 | Month 17 | Month 18 | Month 19 |
| **INCOME** | | | | | | | | | | |
| | Receipts - Savvyan | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 |
| | Legal Retainer (Savvyan) - $10,000+$1,738 (filing fee) | | | | | | | | | |
| | NET INCOME | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 |
| **EXPENSES** | | | | | | | | | | |
| | Disbursements - Savvyan | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 |
| | TOTAL EXPENSES | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 |
| **PLAN PAYMENTS** Class | | | | | | | | | | |
| - | **Allowed Administrative Claims** | | | | | | | | | |
| | Joyce W. Lindauer Attorney, PLLC (Plan Section 4.4) | | | | | | | | | |
| | Mark Weisbart, Subchapter V Trustee (Plan Section 4.4) | | | | | | | | | |
| - | **Priority Claims** | | | | | | | | | |
| | Internal Revenue Service (Plan Section 4.4) - POC 2 | | | | | | | | | |
| | Texas Workforce Commission (Plan Section 4.4) - POC 1 | | | | | | | | | |
| | Texas Comptroller (Plan Section 4.4) - Scheduled Claim | | | | | | | | | |
| - | Priority Wage Claims | | | | | | | | | |
| Savvyan 1 | Allowed General Unsecured Claims | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| | TOTAL PLAN PAYMENTS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **NET INCOME** | | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 |
| **CUMULATIVE INCOME** | | 116,053.10 | 126,053.10 | 136,053.10 | 146,053.10 | 156,053.10 | 166,053.10 | 176,053.10 | 186,053.10 | 196,053.10 |

**CHAPTER 11 DEBTOR PROJECTIONS**
**Kamalakannan Sivanandam**
**Case No. 23-42051**

| | | Sept | Oct | Nov | Dec | Jan | Feb | March | Apr | May |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Month 20 | Month 21 | Month 22 | Month 23 | Month 24 | Month 25 | Month 26 | Month 27 | Month 28 |
| **INCOME** | | | | | | | | | | |
| | Receipts - Sivanandam | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 |
| | Legal Retainer (Sivanandam) - $762+$1,738 (filing fee) | | | | | | | | | |
| | NET INCOME | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 |
| **EXPENSES** | | | | | | | | | | |
| | Disbursements - Sivanandam | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| | TOTAL EXPENSES | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| **PLAN PAYMENTS**   Class | | | | | | | | | | |
| - | **Allowed Administrative Claims** | | | | | | | | | |
| | Joyce W. Lindauer Attorney, PLLC (Plan Section 4.4) | | | | | | | | | |
| | Mark Weisbart, Subchapter V Trustee (Plan Section 4.4) | | | | | | | | | |
| - | **Priority Claims** | | | | | | | | | |
| | Priority Wage Claims | | | | | | | | | |
| Sivanandam   1 | Allowed Secured Claims of Freedom Mortgage Corporation (per pre-Petition Loan Agmt) - **Payment accounted for in Disbursments.** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Sivanandam   2 | Allowed Secured Claims of Frisco ISD (POC 2&4) ($7539.79+$2843.49=$10,383.28 +12% interest from Pet. to Eff. Date | | | | | | | | | |
| Sivanandam   3 | Allowed Secured Claims of Denton County Texas (POC 1&11) - $1500.61+$1650.68=$3151.29+12% from Pet. to Eff. Date | | | | | | | | | |
| Sivanandam   4 | Allowed Secured Claims of Collin County Tax Assessor (POC 3) - $69.47+12% from Pet. to Eff. Date | 71.65 | 71.65 | 71.65 | 71.65 | 71.65 | 71.65 | 71.65 | 71.65 | 71.65 |
| Sivanandam   5 | Allowed General Unsecured Claims | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 |
| Sivanandam   6 | Asset Ownership Interests (Retained) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | TOTAL PLAN PAYMENTS | 2,071.65 | 2,071.65 | 2,071.65 | 2,071.65 | 2,071.65 | 2,071.65 | 2,071.65 | 2,071.65 | 2,071.65 |
| **NET INCOME** | | 2,928.35 | 2,928.35 | 2,928.35 | 2,928.35 | 2,928.35 | 2,928.35 | 2,928.35 | 2,928.35 | 2,928.35 |
| **CUMULATIVE INCOME** | | 47,107.70 | 50,036.05 | 52,964.40 | 55,892.75 | 58,821.10 | 61,749.45 | 64,677.80 | 67,606.15 | 70,534.50 |

**CHAPTER 11 DEBTOR PROJECTIONS**
**Savvyan Technologies, LLC**
**Case No. 23-42051**

| | | Sept | Oct | Nov | Dec | Jan | Feb | March | Apr | May |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Month 20 | Month 21 | Month 22 | Month 23 | Month 24 | Month 25 | Month 26 | Month 27 | Month 28 |
| **INCOME** | | | | | | | | | | |
| | Receipts - Savvyan | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 |
| | Legal Retainer (Savvyan) - $10,000+$1,738 (filing fee) | | | | | | | | | |
| | NET INCOME | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 |
| **EXPENSES** | | | | | | | | | | |
| | Disbursements - Savvyan | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 |
| | TOTAL EXPENSES | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 |
| **PLAN PAYMENTS**   Class | | | | | | | | | | |
| - | **Allowed Administrative Claims** | | | | | | | | | |
| | Joyce W. Lindauer Attorney, PLLC (Plan Section 4.4) | | | | | | | | | |
| | Mark Weisbart, Subchapter V Trustee (Plan Section 4.4) | | | | | | | | | |
| - | **Priority Claims** | | | | | | | | | |
| | Internal Revenue Service (Plan Section 4.4) - POC 2 | | | | | | | | | |
| | Texas Workforce Commission (Plan Section 4.4) - POC 1 | | | | | | | | | |
| | Texas Comptroller (Plan Section 4.4) - Scheduled Claim | | | | | | | | | |
| - | Priority Wage Claims | | | | | | | | | |
| Savvyan   1 | Allowed General Unsecured Claims | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| | TOTAL PLAN PAYMENTS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **NET INCOME** | | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 |
| **CUMULATIVE INCOME** | | 206,053.10 | 216,053.10 | 226,053.10 | 236,053.10 | 246,053.10 | 256,053.10 | 266,053.10 | 276,053.10 | 286,053.10 |

**CHAPTER 11 DEBTOR PROJECTIONS**
**Kamalakannan Sivanandam**
**Case No. 23-42051**

| | | June | July | Aug | Sept | Oct | Nov | Dec | Jan | Feb |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Month 29 | Month 30 | Month 31 | Month 32 | Month 33 | Month 34 | Month 35 | Month 36 | Month 37 |
| **INCOME** | | | | | | | | | | |
| | Receipts - Sivanandam | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 |
| | Legal Retainer (Sivanandam) - $762+$1,738 (filing fee) | | | | | | | | | |
| | NET INCOME | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 |
| **EXPENSES** | | | | | | | | | | |
| | Disbursements - Sivanandam | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| | TOTAL EXPENSES | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| **PLAN PAYMENTS** Class | | | | | | | | | | |
| - | **Allowed Administrative Claims** | | | | | | | | | |
| | Joyce W. Lindauer Attorney, PLLC (Plan Section 4.4) | | | | | | | | | |
| | Mark Weisbart, Subchapter V Trustee (Plan Section 4.4) | | | | | | | | | |
| - | **Priority Claims** | | | | | | | | | |
| | Priority Wage Claims | | | | | | | | | |
| Sivanandam 1 | Allowed Secured Claims of Freedom Mortgage Corporation (per pre-Petition Loan Agmt) - **Payment accounted for in Disbursments.** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Sivanandam 2 | Allowed Secured Claims of Frisco ISD (POC 2&4) ($7539.79+$2843.49=$10,383.28 +12% interest from Pet. to Eff. Date | | | | | | | | | |
| Sivanandam 3 | Allowed Secured Claims of Denton County Texas (POC 1&11) - $1500.61+$1650.68=$3151.29+12% from Pet. to Eff. Date | | | | | | | | | |
| Sivanandam 4 | Allowed Secured Claims of Collin County Tax Assessor (POC 3) - $69.47+12% from Pet. to Eff. Date | 71.65 | 71.65 | 71.65 | 71.65 | 71.65 | 71.65 | 71.65 | 71.65 | 0.00 |
| Sivanandam 5 | Allowed General Unsecured Claims | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 0.00 |
| Sivanandam 6 | Asset Ownership Interests (Retained) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | TOTAL PLAN PAYMENTS | 2,071.65 | 2,071.65 | 2,071.65 | 2,071.65 | 2,071.65 | 2,071.65 | 2,071.65 | 2,071.65 | 0.00 |
| **NET INCOME** | | 2,928.35 | 2,928.35 | 2,928.35 | 2,928.35 | 2,928.35 | 2,928.35 | 2,928.35 | 2,928.35 | 5,000.00 |
| **CUMULATIVE INCOME** | | 73,462.85 | 76,391.20 | 79,319.55 | 82,247.90 | 85,176.25 | 88,104.60 | 91,032.95 | 93,961.30 | 98,961.30 |

**CHAPTER 11 DEBTOR PROJECTIONS**
**Savvyan Technologies, LLC**
**Case No. 23-42051**

| | | June | July | Aug | Sept | Oct | Nov | Dec | Jan | Feb |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Month 29 | Month 30 | Month 31 | Month 32 | Month 33 | Month 34 | Month 35 | Month 36 | Month 37 |
| **INCOME** | | | | | | | | | | |
| | Receipts - Savvyan | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 |
| | Legal Retainer (Savvyan) - $10,000+$1,738 (filing fee) | | | | | | | | | |
| | NET INCOME | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 |
| **EXPENSES** | | | | | | | | | | |
| | Disbursements - Savvyan | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 |
| | TOTAL EXPENSES | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 |
| **PLAN PAYMENTS** Class | | | | | | | | | | |
| - | **Allowed Administrative Claims** | | | | | | | | | |
| | Joyce W. Lindauer Attorney, PLLC (Plan Section 4.4) | | | | | | | | | |
| | Mark Weisbart, Subchapter V Trustee (Plan Section 4.4) | | | | | | | | | |
| - | **Priority Claims** | | | | | | | | | |
| | Internal Revenue Service (Plan Section 4.4) - POC 2 | | | | | | | | | |
| | Texas Workforce Commission (Plan Section 4.4) - POC 1 | | | | | | | | | |
| | Texas Comptroller (Plan Section 4.4) - Scheduled Claim | | | | | | | | | |
| - | Priority Wage Claims | | | | | | | | | |
| Savvyan 1 | Allowed General Unsecured Claims | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 0.00 |
| | TOTAL PLAN PAYMENTS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **NET INCOME** | | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 |
| **CUMULATIVE INCOME** | | 296,053.10 | 306,053.10 | 316,053.10 | 326,053.10 | 336,053.10 | 346,053.10 | 356,053.10 | 366,053.10 | 376,053.10 |

**CHAPTER 11 DEBTOR PROJECTIONS**
**Kamalakannan Sivanandam**
**Case No. 23-42051**

| | Class | | March<br>Month<br>38 | Apr<br>Month<br>39 | May<br>Month<br>40 | June<br>Month<br>41 | July<br>Month<br>42 | Aug<br>Month<br>43 | Sept<br>Month<br>44 | Oct<br>Month<br>45 | Nov<br>Month<br>46 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **INCOME** | | | | | | | | | | | |
| | | Receipts - Sivanandam | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 |
| | | Legal Retainer (Sivanandam) - $762+$1,738 (filing fee) | | | | | | | | | |
| | | NET INCOME | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 |
| **EXPENSES** | | | | | | | | | | | |
| | | Disbursements - Sivanandam | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| | | TOTAL EXPENSES | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| **PLAN PAYMENTS** | Class | | | | | | | | | | |
| | - | **Allowed Administrative Claims** | | | | | | | | | |
| | | Joyce W. Lindauer Attorney, PLLC (Plan Section 4.4) | | | | | | | | | |
| | | Mark Weisbart, Subchapter V Trustee (Plan Section 4.4) | | | | | | | | | |
| | - | **Priority Claims** | | | | | | | | | |
| | | Priority Wage Claims | | | | | | | | | |
| | | Allowed Secured Claims of Freedom Mortgage Corporation (per pre- | | | | | | | | | |
| Sivanandam | 1 | Petition Loan Agmt) - **Payment accounted for in Disbursments.** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | Allowed Secured Claims of Frisco ISD (POC 2&4) | | | | | | | | | |
| Sivanandam | 2 | ($7539.79+$2843.49=$10,383.28 +12% interest from Pet. to Eff. Date | | | | | | | | | |
| | | Allowed Secured Claims of Denton County Texas (POC 1&11) - | | | | | | | | | |
| Sivanandam | 3 | $1500.61+$1650.68=$3151.29+12% from Pet. to Eff. Date | | | | | | | | | |
| | | Allowed Secured Claims of Collin County Tax Assessor (POC 3) - | | | | | | | | | |
| Sivanandam | 4 | $69.47+12% from Pet. to Eff. Date | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Sivanandam | 5 | Allowed General Unsecured Claims | | | | | | | | | |
| Sivanandam | 6 | Asset Ownership Interests (Retained) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | TOTAL PLAN PAYMENTS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **NET INCOME** | | | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 |
| **CUMULATIVE INCOME** | | | 103,961.30 | 108,961.30 | 113,961.30 | 118,961.30 | 123,961.30 | 128,961.30 | 133,961.30 | 138,961.30 | 143,961.30 |

**CHAPTER 11 DEBTOR PROJECTIONS**
**Savvyan Technologies, LLC**
**Case No. 23-42051**

| | Class | | March<br>Month<br>38 | Apr<br>Month<br>39 | May<br>Month<br>40 | June<br>Month<br>41 | July<br>Month<br>42 | Aug<br>Month<br>43 | Sept<br>Month<br>44 | Oct<br>Month<br>45 | Nov<br>Month<br>46 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **INCOME** | | | | | | | | | | | |
| | | Receipts - Savvyan | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 |
| | | Legal Retainer (Savvyan) - $10,000+$1,738 (filing fee) | | | | | | | | | |
| | | NET INCOME | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 |
| **EXPENSES** | | | | | | | | | | | |
| | | Disbursements - Savvyan | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 |
| | | TOTAL EXPENSES | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 |
| **PLAN PAYMENTS** | Class | | | | | | | | | | |
| | - | **Allowed Administrative Claims** | | | | | | | | | |
| | | Joyce W. Lindauer Attorney, PLLC (Plan Section 4.4) | | | | | | | | | |
| | | Mark Weisbart, Subchapter V Trustee (Plan Section 4.4) | | | | | | | | | |
| | - | **Priority Claims** | | | | | | | | | |
| | | Internal Revenue Service (Plan Section 4.4) - POC 2 | | | | | | | | | |
| | | Texas Workforce Commission (Plan Section 4.4) - POC 1 | | | | | | | | | |
| | | Texas Comptroller (Plan Section 4.4) - Scheduled Claim | | | | | | | | | |
| | - | Priority Wage Claims | | | | | | | | | |
| Savvyan | 1 | Allowed General Unsecured Claims | | | | | | | | | |
| | | TOTAL PLAN PAYMENTS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **NET INCOME** | | | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 |
| **CUMULATIVE INCOME** | | | 386,053.10 | 396,053.10 | 406,053.10 | 416,053.10 | 426,053.10 | 436,053.10 | 446,053.10 | 456,053.10 | 466,053.10 |

**CHAPTER 11 DEBTOR PROJECTIONS**
**Kamalakannan Sivanandam**
**Case No. 23-42051**

| | | Dec | Jan | Feb | March | Apr | May | June | July | Aug |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Month 47 | Month 48 | Month 49 | Month 50 | Month 51 | Month 52 | Month 53 | Month 54 | Month 55 |
| **INCOME** | | | | | | | | | | |
| | Receipts - Sivanandam | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 |
| | Legal Retainer (Sivanandam) - $762+$1,738 (filing fee) | | | | | | | | | |
| | NET INCOME | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 |
| **EXPENSES** | | | | | | | | | | |
| | Disbursements - Sivanandam | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| | TOTAL EXPENSES | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| **PLAN PAYMENTS   Class** | | | | | | | | | | |
| - | **Allowed Administrative Claims** | | | | | | | | | |
| | Joyce W. Lindauer Attorney, PLLC (Plan Section 4.4) | | | | | | | | | |
| | Mark Weisbart, Subchapter V Trustee (Plan Section 4.4) | | | | | | | | | |
| - | **Priority Claims** | | | | | | | | | |
| | Priority Wage Claims | | | | | | | | | |
| Sivanandam 1 | Allowed Secured Claims of Freedom Mortgage Corporation (per pre-Petition Loan Agmt) - **Payment accounted for in Disbursements.** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Sivanandam 2 | Allowed Secured Claims of Frisco ISD (POC 2&4) ($7539.79+$2843.49=$10,383.28 +12% interest from Pet. to Eff. Date | | | | | | | | | |
| Sivanandam 3 | Allowed Secured Claims of Denton County Texas (POC 1&11) - $1500.61+$1650.68=$3151.29+12% from Pet. to Eff. Date | | | | | | | | | |
| Sivanandam 4 | Allowed Secured Claims of Collin County Tax Assessor (POC 3) - $69.47+12% from Pet. to Eff. Date | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Sivanandam 5 | Allowed General Unsecured Claims | | | | | | | | | |
| Sivanandam 6 | Asset Ownership Interests (Retained) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | TOTAL PLAN PAYMENTS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **NET INCOME** | | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 |
| **CUMULATIVE INCOME** | | 148,961.30 | 153,961.30 | 158,961.30 | 163,961.30 | 168,961.30 | 173,961.30 | 178,961.30 | 183,961.30 | 188,961.30 |

**CHAPTER 11 DEBTOR PROJECTIONS**
**Savvyan Technologies, LLC**
**Case No. 23-42051**

| | | Dec | Jan | Feb | March | Apr | May | June | July | Aug |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Month 47 | Month 48 | Month 49 | Month 50 | Month 51 | Month 52 | Month 53 | Month 54 | Month 55 |
| **INCOME** | | | | | | | | | | |
| | Receipts - Savvyan | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 |
| | Legal Retainer (Savvyan) - $10,000+$1,738 (filing fee) | | | | | | | | | |
| | NET INCOME | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 |
| **EXPENSES** | | | | | | | | | | |
| | Disbursements - Savvyan | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 |
| | TOTAL EXPENSES | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 |
| **PLAN PAYMENTS   Class** | | | | | | | | | | |
| - | **Allowed Administrative Claims** | | | | | | | | | |
| | Joyce W. Lindauer Attorney, PLLC (Plan Section 4.4) | | | | | | | | | |
| | Mark Weisbart, Subchapter V Trustee (Plan Section 4.4) | | | | | | | | | |
| - | **Priority Claims** | | | | | | | | | |
| | Internal Revenue Service (Plan Section 4.4) - POC 2 | | | | | | | | | |
| | Texas Workforce Commission (Plan Section 4.4) - POC 1 | | | | | | | | | |
| | Texas Comptroller (Plan Section 4.4) - Scheduled Claim | | | | | | | | | |
| - | Priority Wage Claims | | | | | | | | | |
| Savvyan 1 | Allowed General Unsecured Claims | | | | | | | | | |
| | TOTAL PLAN PAYMENTS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **NET INCOME** | | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 |
| **CUMULATIVE INCOME** | | 476,053.10 | 486,053.10 | 496,053.10 | 506,053.10 | 516,053.10 | 526,053.10 | 536,053.10 | 546,053.10 | 556,053.10 |

**CHAPTER 11 DEBTOR PROJECTIONS**
**Kamalakannan Sivanandam**
**Case No. 23-42051**

| | | Sept | Oct | Nov | Dec | Jan |
|---|---|---|---|---|---|---|
| | | Month 56 | Month 57 | Month 58 | Month 59 | Month 60 |
| **INCOME** | | | | | | |
| | Receipts - Sivanandam | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 |
| | Legal Retainer (Sivanandam) - $762+$1,738 (filing fee) | | | | | |
| | NET INCOME | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 20,000.00 |
| **EXPENSES** | | | | | | |
| | Disbursements - Sivanandam | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| | TOTAL EXPENSES | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 15,000.00 |
| **PLAN PAYMENTS** Class | | | | | | |
| - | **Allowed Administrative Claims** | | | | | |
| | Joyce W. Lindauer Attorney, PLLC (Plan Section 4.4) | | | | | |
| | Mark Weisbart, Subchapter V Trustee (Plan Section 4.4) | | | | | |
| - | **Priority Claims** | | | | | |
| | Priority Wage Claims | | | | | |
| Sivanandam 1 | Allowed Secured Claims of Freedom Mortgage Corporation (per pre-Petition Loan Agmt) - **Payment accounted for in Disbursments.** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Sivanandam 2 | Allowed Secured Claims of Frisco ISD (POC 2&4) ($7539.79+$2843.49=$10,383.28 +12% interest from Pet. to Eff. Date | | | | | |
| Sivanandam 3 | Allowed Secured Claims of Denton County Texas (POC 1&11) - $1500.61+$1650.68=$3151.29+12% from Pet. to Eff. Date | | | | | |
| Sivanandam 4 | Allowed Secured Claims of Collin County Tax Assessor (POC 3) - $69.47+12% from Pet. to Eff. Date | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Sivanandam 5 | Allowed General Unsecured Claims | | | | | |
| Sivanandam 6 | Asset Ownership Interests (Retained) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | TOTAL PLAN PAYMENTS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **NET INCOME** | | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 |
| **CUMULATIVE INCOME** | | 193,961.30 | 198,961.30 | 203,961.30 | 208,961.30 | 213,961.30 |

**CHAPTER 11 DEBTOR PROJECTIONS**
**Savvyan Technologies, LLC**
**Case No. 23-42051**

| | | Sept | Oct | Nov | Dec | Jan |
|---|---|---|---|---|---|---|
| | | Month 56 | Month 57 | Month 58 | Month 59 | Month 60 |
| **INCOME** | | | | | | |
| | Receipts - Savvyan | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 |
| | Legal Retainer (Savvyan) - $10,000+$1,738 (filing fee) | | | | | |
| | NET INCOME | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 | 240,000.00 |
| **EXPENSES** | | | | | | |
| | Disbursements - Savvyan | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 |
| | TOTAL EXPENSES | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 | 230,000.00 |
| **PLAN PAYMENTS** Class | | | | | | |
| - | **Allowed Administrative Claims** | | | | | |
| | Joyce W. Lindauer Attorney, PLLC (Plan Section 4.4) | | | | | |
| | Mark Weisbart, Subchapter V Trustee (Plan Section 4.4) | | | | | |
| - | **Priority Claims** | | | | | |
| | Internal Revenue Service (Plan Section 4.4) - POC 2 | | | | | |
| | Texas Workforce Commission (Plan Section 4.4) - POC 1 | | | | | |
| | Texas Comptroller (Plan Section 4.4) - Scheduled Claim | | | | | |
| - | Priority Wage Claims | | | | | |
| Savvyan 1 | Allowed General Unsecured Claims | | | | | |
| | TOTAL PLAN PAYMENTS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **NET INCOME** | | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 | 10,000.00 |
| **CUMULATIVE INCOME** | | 566,053.10 | 576,053.10 | 586,053.10 | 596,053.10 | 606,053.10 |

# EXHIBIT "4"

# Miscellaneous:

[23-42043 Savvyan Technologies, LLC](#)

| | | |
|---|---|---|
| Type: bk | Chapter: 11 v | Office: 4 (Sherman) |
| Assets: y | Judge: btr | Case Flag: Subchapter_V, SMALLBUSINESS |

### United States Bankruptcy Court

### Eastern District of Texas

Notice of Electronic Filing

The following transaction was received from Joyce W. Lindauer entered on 12/27/2023 at 5:27 PM CST and filed on 12/27/2023

| | |
|---|---|
| **Case Name:** | Savvyan Technologies, LLC |
| **Case Number:** | [23-42043](#) |
| **Document Number:** | [48](#) |

**Docket Text:**
Debtor-In-Possession Monthly Operating Report for Filing Period October-November 2023 Filed by Savvyan Technologies, LLC (Lindauer, Joyce)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** Savvyan November 2023.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=995489823 [Date=12/27/2023] [FileNumber=21127768-0] [3370f05db315f3cd30999b36cec927eb63f3baade1665180b8f67e40c6abb20aa9 0f758b9caf25b8ca24d14514232a191104d82ec1ca69753187acd9ff01d6eb]]

**23-42043 Notice will be electronically mailed to:**

Jacob Kring on behalf of Creditor Themesoft Inc.
Jacob.Kring@HuschBlackwell.com, Valerie.Stephens@HuschBlackwell.com

Joyce W. Lindauer on behalf of Debtor Savvyan Technologies, LLC
joyce@joycelindauer.com, dian@joycelindauer.com

Meghann D Reeves on behalf of Creditor Themesoft Inc.
meghann.reeves@huschblackwell.com, Karen.Massey@HuschBlackwell.com

Marcus Salitore on behalf of U.S. Trustee US Trustee
marc.f.salitore@usdoj.gov

Mark A WEISBART (SBRA V)
mweisbart@haywardfirm.com, tsimmons@haywardfirm.com;ecf.alert+Weisbart@titlexi.com

**23-42043 Notice will not be electronically mailed to:**

AUM Solutions LLC

1406 Adriane Avenue
Allen, TX 75013

Acrotek IT Solutions Inc.
10130 Mallard Creed Rd.
Suite 235
Charlotte, NC 28262

Architected Solutions
11814 Gwynne Lane
Los Angeles, CA 90077

BITS America LLC
7600 Great Dover Street
Gainesville, VA 20155

Cloud A1 Solutions LLC
7211 Paluxy Drive
Irving, TX 75039

Conflux Systems Inc.
11539 Park Woods Circle
Suite 302
Alpharetta, GA 30005

Mukul Gupta
8527 NW 39th Court
Pembroke Pines, FL 33024

Savvyan Technologies Pvt Ltd
P263 University Quarters
Palavakkam
Chennai
, 600041

Techpro Solutions Inc.
666 Plainsboro Road
Suite 1175
Plainsboro, NJ 08536

| Fill in this information to identify the case: |
|---|
| Debtor Name **Savvyan Technologies LLC** |
| United States Bankruptcy Court for the: Eastern District of Texas |
| Case number: **23-42043** |

☐ Check if this is an amended filing

## Official Form 425C

## Monthly Operating Report for Small Business Under Chapter 11                    12/17

Month: **December 2023**                    Date report filed: **12/21/2023**
                                                                                  MM / DD / YYYY

Line of business: **Software Consulting**                    NAISC code: **541511**

In accordance with title 28, section 1746, of the United States Code, I declare under penalty of perjury that I have examined the following small business monthly operating report and the accompanying attachments and, to the best of my knowledge, these documents are true, correct, and complete.

Responsible party:                    **Savvyan Technologies LLC**

Original signature of responsible party    *✗ ۸ىلىـ*

Printed name of responsible party    **Kamalakannan Sivanandam**

### 1. Questionnaire

Answer all questions on behalf of the debtor for the period covered by this report, unless otherwise indicated.

|  |  | Yes | No | N/A |
|---|---|---|---|---|
| | **If you answer *No* to any of the questions in lines 1-9, attach an explanation and label it *Exhibit A.*** | | | |
| 1. | Did the business operate during the entire reporting period? | ☑ | ☐ | ☐ |
| 2. | Do you plan to continue to operate the business next month? | ☑ | ☐ | ☐ |
| 3. | Have you paid all of your bills on time? | ☑ | ☐ | ☐ |
| 4. | Did you pay your employees on time? | ☑ | ☐ | ☐ |
| 5. | Have you deposited all the receipts for your business into debtor in possession (DIP) accounts? | ☐ | ☑ | ☐ |
| 6. | Have you timely filed your tax returns and paid all of your taxes? | ☑ | ☐ | ☐ |
| 7. | Have you timely filed all other required government filings? | ☑ | ☐ | ☐ |
| 8. | Are you current on your quarterly fee payments to the U.S. Trustee or Bankruptcy Administrator? | ☐ | ☑ | ☐ |
| 9. | Have you timely paid all of your insurance premiums? | ☑ | ☐ | ☐ |
| | **If you answer *Yes* to any of the questions in lines 10-18, attach an explanation and label it *Exhibit B.*** | | | |
| 10. | Do you have any bank accounts open other than the DIP accounts? | ☑ | ☐ | ☐ |
| 11. | Have you sold any assets other than inventory? | ☐ | ☑ | ☐ |
| 12. | Have you sold or transferred any assets or provided services to anyone related to the DIP in any way? | ☑ | ☐ | ☐ |
| 13. | Did any insurance company cancel your policy? | ☐ | ☑ | ☐ |
| 14. | Did you have any unusual or significant unanticipated expenses? | ☐ | ☑ | ☐ |
| 15. | Have you borrowed money from anyone or has anyone made any payments on your behalf? | ☐ | ☑ | ☐ |
| 16. | Has anyone made an investment in your business? | ☐ | ☑ | ☐ |

Debtor Name  Savvyan Technologies LLC                           Case number  23-42043

| | | |
|---|---|---|
17. Have you paid any bills you owed before you filed bankruptcy? | ☑ | ☐ | ☐
18. Have you allowed any checks to clear the bank that were issued before you filed bankruptcy? | ☐ | ☑ | ☐

## 2. Summary of Cash Activity for All Accounts

19. **Total opening balance of all accounts**

   This amount must equal what you reported as the cash on hand at the end of the month in the previous month. If this is your first report, report the total cash on hand as of the date of the filing of this case.

   $ 24,260.22

20. **Total cash receipts**

   Attach a listing of all cash received for the month and label it *Exhibit C*. Include all cash received even if you have not deposited it at the bank, collections on receivables, credit card deposits, cash received from other parties, or loans, gifts, or payments made by other parties on your behalf. Do not attach bank statements in lieu of *Exhibit C*.

   Report the total from *Exhibit C* here.

   $ 210,897.20

21. **Total cash disbursements**

   Attach a listing of all payments you made in the month and label it *Exhibit D*. List the date paid, payee, purpose, and amount. Include all cash payments, debit card transactions, checks issued even if they have not cleared the bank, outstanding checks issued before the bankruptcy was filed that were allowed to clear this month, and payments made by other parties on your behalf. Do not attach bank statements in lieu of *Exhibit D*.

   Report the total from *Exhibit D* here.

   − $ 229,469.23

22. **Net cash flow**

   Subtract line 21 from line 20 and report the result here.
   This amount may be different from what you may have calculated as *net profit*.

   + $ -18,572.73

23. **Cash on hand at the end of the month**

   Add line 22 + line 19. Report the result here.

   Report this figure as the *cash on hand at the beginning of the month* on your next operating report.

   = $ 5,687.49

   This amount may not match your bank account balance because you may have outstanding checks that have not cleared the bank or deposits in transit.

## 3. Unpaid Bills

   Attach a list of all debts (including taxes) which you have incurred since the date you filed bankruptcy but have not paid. Label it *Exhibit E*. Include the date the debt was incurred, who is owed the money, the purpose of the debt, and when the debt is due. Report the total from *Exhibit E* here.

24. **Total payables**

   *(Exhibit E)*

   $ 137,805.20

Debtor Name  Savvyan Technologies LLC                          Case number 23-42043

---

### 4. Money Owed to You

Attach a list of all amounts owed to you by your customers for work you have done or merchandise you have sold. Include amounts owed to you both before, and after you filed bankruptcy.  Label it *Exhibit F*. Identify who owes you money, how much is owed, and when payment is due. Report the total from *Exhibit F* here.

25. **Total receivables**                                                      $  449,784.64

   *(Exhibit F)*

---

### 5. Employees

26. What was the number of employees when the case was filed?                           9

27. What is the number of employees as of the date of this monthly report?             12

---

### 6. Professional Fees

28. How much have you paid this month in professional fees related to this bankruptcy case?      $ _____

29. How much have you paid in professional fees related to this bankruptcy case since the case was filed?   $ _____

30. How much have you paid this month in other professional fees?                   $  11,360.00

31. How much have you paid in total other professional fees since filing the case?      $  23,110.00

---

### 7. Projections

Compare your actual cash receipts and disbursements to what you projected in the previous month. Projected figures in the first month should match those provided at the initial debtor interview, if any.

| | Column A<br>**Projected**<br><br>Copy lines 35-37 from the previous month's report. | − | Column B<br>**Actual**<br><br>Copy lines 20-22 of this report. | = | Column C<br>**Difference**<br><br>Subtract Column B from Column A. |
|---|---|---|---|---|---|
| 32. **Cash receipts** | $ 240,000.00 | − | $ 210,897.20 | = | $  29,102.80 |
| 33. **Cash disbursements** | $ 220,000.00 | − | $ 229,469.23 | = | $  -9,469.93 |
| 34. **Net cash flow** | $  20,000.00 | − | $ -18,572.73 | = | $  19,632.87 |

35. Total projected cash receipts for the next month:                              $ 240,000.00

36. Total projected cash disbursements for the next month:                      − $ 220,000.00

37. Total projected net cash flow for the next month:                            = $  20,000.00

---

Debtor Name  Savvyan Technologies LLC                                    Case number 23-42043

## 8. Additional Information

If available, check the box to the left and attach copies of the following documents.

☑ 38.  Bank statements for each open account (redact all but the last 4 digits of account numbers).

☐ 39.  Bank reconciliation reports for each account.

☑ 40.  Financial reports such as an income statement (profit & loss) and/or balance sheet.

☑ 41.  Budget, projection, or forecast reports.

☐ 42.  Project, job costing, or work-in-progress reports.

# Miscellaneous:

[23-42051 Kamalakannan Sivanandam](#)

Type: bk                   Chapter: 11 v                   Office: 4 (Sherman)
Assets: y                  Judge: btr
Case Flag: Subchapter_V, SMALLBUSINESS, NatureDebt=Business

### United States Bankruptcy Court

### Eastern District of Texas

Notice of Electronic Filing

The following transaction was received from Joyce W. Lindauer entered on 12/27/2023 at 5:30 PM CST and filed on 12/27/2023

**Case Name:**          Kamalakannan Sivanandam
**Case Number:**        [23-42051](#)
**Document Number:** [41](#)

**Docket Text:**
Debtor-In-Possession Monthly Operating Report for Filing Period October-November 2023 Filed by Kamalakannan Sivanandam (Lindauer, Joyce)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** Sivanandam November 2023.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=995489823 [Date=12/27/2023] [FileNumber=21127780-0] [9b13cd7da5cd8852749f37bdccd50809d0a8d12dff01fe8d748c364d22bb073524 f5ecb3582107fc6c359c58f3e107217ad9d68280a415e764f54df913765cba]]

## 23-42051 Notice will be electronically mailed to:

Larry R Boyd on behalf of Creditor COLLIN COUNTY TAX ASSESSOR/COLLECTOR
lboyd@abernathy-law.com, kescamilla@abernathy-law.com

Emily M. Hahn on behalf of Creditor COLLIN COUNTY TAX ASSESSOR/COLLECTOR
ehahn@abernathy-law.com

Jacob Kring on behalf of Creditor Themesoft Inc.
Jacob.Kring@HuschBlackwell.com, Valerie.Stephens@HuschBlackwell.com

Joyce W. Lindauer on behalf of Debtor Kamalakannan Sivanandam
joyce@joycelindauer.com, dian@joycelindauer.com

Paul M Lopez on behalf of Creditor COLLIN COUNTY TAX ASSESSOR/COLLECTOR
bankruptcy@abernathy-law.com

Julie Anne Parsons on behalf of Creditor The County of Denton, Texas
jparsons@mvbalaw.com,
kalexander@mvbalaw.com;theresa.king@mvbalaw.com;julie.parsons@ecf.courtdrive.com

Linda Reece on behalf of Creditor Frisco ISD
lreece@pbfcm.com

Meghann D Reeves on behalf of Creditor Themesoft Inc.
meghann.reeves@huschblackwell.com, Karen.Massey@HuschBlackwell.com

Marcus Salitore on behalf of U.S. Trustee US Trustee
marc.f.salitore@usdoj.gov

John Kendrick Turner on behalf of Creditor City of Frisco
john.turner@lgbs.com, Dora.Casiano-Perez@lgbs.com;Dallas.Bankruptcy@lgbs.com

Mark A WEISBART (SBRA V)
mweisbart@haywardfirm.com, tsimmons@haywardfirm.com;ecf.alert+Weisbart@titlexi.com

**23-42051 Notice will not be electronically mailed to:**

AUM Solutions LLC
1406 Adriane Avenue
Allen, TX 75013

Acrotek IT Solutions Inc.
10130 Mallard Creed Rd.
Suite 235
Charlotte, NC 28262

Architected Solutions
11814 Gwynne Lane
Los Angeles, CA 90077

BITS America LLC
7600 Great Dover Street
Gainsville, VA 20155

Bank of America
P O Box 15284
Wilmington, DE 19850

Cloud A1 Solutions LLC
7211 Paluxy Drive
Irving, TX 75039

Conflux Systems Inc.
11539 Park Woods Circle
Suite 302
Alpharetta, GA 30005

Freeman Law
7011 Main Street
Frisco, TX 75034

Mukul Gupta
8527 NW 39th Court

Savvyan Technologies Pvt Ltd
P263 University Quarters
Palavakkam
Chennai
, 600041

Techpro Solutions Inc.
666 Plainsboro Road
Suite 1175
Plainsboro, NJ 08536

**Fill in this information to identify the case:**

Debtor Name  Kamalakannan Sivanandam

United States Bankruptcy Court for the: Eastern District of Texas

Case number: 23-42051

☐ Check if this is an
amended filing

## Official Form 425C

## Monthly Operating Report for Small Business Under Chapter 11                          12/17

| | | | |
|---|---|---|---|
| Month: | December 2023 | Date report filed: | 12/21/2023 MM / DD / YYYY |
| Line of business: | Personal | NAISC code: | N/A |

In accordance with title 28, section 1746, of the United States Code, I declare under penalty of perjury that I have examined the following small business monthly operating report and the accompanying attachments and, to the best of my knowledge, these documents are true, correct, and complete.

Responsible party:                            Kamalakannan Sivanandam

Original signature of responsible party      _X. _____

Printed name of responsible party            Kamalakannan Sivanandam

### 1. Questionnaire

Answer all questions on behalf of the debtor for the period covered by this report, unless otherwise indicated.

| | | Yes | No | N/A |
|---|---|---|---|---|
| | **If you answer *No* to any of the questions in lines 1-9, attach an explanation and label it *Exhibit A.*** | | | |
| 1. | Did the business operate during the entire reporting period? | ☐ | ☐ | ☑ |
| 2. | Do you plan to continue to operate the business next month? | ☐ | ☐ | ☑ |
| 3. | Have you paid all of your bills on time? | ☑ | ☐ | ☐ |
| 4. | Did you pay your employees on time? | ☐ | ☐ | ☑ |
| 5. | Have you deposited all the receipts for your business into debtor in possession (DIP) accounts? | ☐ | ☐ | ☑ |
| 6. | Have you timely filed your tax returns and paid all of your taxes? | ☑ | ☐ | ☐ |
| 7. | Have you timely filed all other required government filings? | ☑ | ☐ | ☐ |
| 8. | Are you current on your quarterly fee payments to the U.S. Trustee or Bankruptcy Administrator? | ☐ | ☑ | ☐ |
| 9. | Have you timely paid all of your insurance premiums? | ☑ | ☐ | ☐ |
| | **If you answer *Yes* to any of the questions in lines 10-18, attach an explanation and label it *Exhibit B.*** | | | |
| 10. | Do you have any bank accounts open other than the DIP accounts? | ☐ | ☑ | ☐ |
| 11. | Have you sold any assets other than inventory? | ☐ | ☑ | ☐ |
| 12. | Have you sold or transferred any assets or provided services to anyone related to the DIP in any way? | ☑ | ☐ | ☐ |
| 13. | Did any insurance company cancel your policy? | ☐ | ☑ | ☐ |
| 14. | Did you have any unusual or significant unanticipated expenses? | ☐ | ☑ | ☐ |
| 15. | Have you borrowed money from anyone or has anyone made any payments on your behalf? | ☐ | ☑ | ☐ |
| 16. | Has anyone made an investment in your business? | ☐ | ☑ | ☐ |

Debtor Name  Kamalakannan Sivanandam                    Case number  23-42051

| | | | | |
|---|---|---|---|---|
| 17. Have you paid any bills you owed before you filed bankruptcy? | | ☑ | ☐ | ☐ |
| 18. Have you allowed any checks to clear the bank that were issued before you filed bankruptcy? | | ☐ | ☑ | ☐ |

## 2. Summary of Cash Activity for All Accounts

19. **Total opening balance of all accounts**

This amount must equal what you reported as the cash on hand at the end of the month in the previous month. If this is your first report, report the total cash on hand as of the date of the filing of this case.

$ 76,461.53

20. **Total cash receipts**

Attach a listing of all cash received for the month and label it *Exhibit C*. Include all cash received even if you have not deposited it at the bank, collections on receivables, credit card deposits, cash received from other parties, or loans, gifts, or payments made by other parties on your behalf. Do not attach bank statements in lieu of *Exhibit C*.

Report the total from *Exhibit C* here.

$ 35,764.24

21. **Total cash disbursements**

Attach a listing of all payments you made in the month and label it *Exhibit D*. List the date paid, payee, purpose, and amount. Include all cash payments, debit card transactions, checks issued even if they have not cleared the bank, outstanding checks issued before the bankruptcy was filed that were allowed to clear this month, and payments made by other parties on your behalf. Do not attach bank statements in lieu of *Exhibit D*.

Report the total from *Exhibit D* here.

– $ 2,733.98

22. **Net cash flow**

Subtract line 21 from line 20 and report the result here.
This amount may be different from what you may have calculated as *net profit*.

+ $ 33,030.24

23. **Cash on hand at the end of the month**

Add line 22 + line 19. Report the result here.

Report this figure as the *cash on hand at the beginning of the month* on your next operating report.

= $ 109,491.77

This amount may not match your bank account balance because you may have outstanding checks that have not cleared the bank or deposits in transit.

## 3. Unpaid Bills

Attach a list of all debts (including taxes) which you have incurred since the date you filed bankruptcy but have not paid. Label it *Exhibit E*. Include the date the debt was incurred, who is owed the money, the purpose of the debt, and when the debt is due. Report the total from *Exhibit E* here.

24. **Total payables**

(*Exhibit E*)

$ 0.00

Debtor Name  Kamalakannan Sivanandam                                        Case number  23-42051

## 4. Money Owed to You

Attach a list of all amounts owed to you by your customers for work you have done or merchandise you have sold. Include amounts owed to you both before, and after you filed bankruptcy.  Label it *Exhibit F*. Identify who owes you money, how much is owed, and when payment is due. Report the total from *Exhibit F* here.

25. **Total receivables**                                                                                                           $ _____0.00_

  (*Exhibit F*)

## 5. Employees

26. What was the number of employees when the case was filed?                                                    _____0_

27. What is the number of employees as of the date of this monthly report?                                      _____0_

## 6. Professional Fees

28. How much have you paid this month in professional fees related to this bankruptcy case?          $ _____0.00_

29. How much have you paid in professional fees related to this bankruptcy case since the case was filed?   $ _____0.00_

30. How much have you paid this month in other professional fees?                                              $ _____0.00_

31. How much have you paid in total other professional fees since filing the case?                         $ _____0.00_

## 7. Projections

Compare your actual cash receipts and disbursements to what you projected in the previous month. Projected figures in the first month should match those provided at the initial debtor interview, if any.

|  | Column A | | Column B | | Column C |
|---|---|---|---|---|---|
|  | **Projected** | − | **Actual** | = | **Difference** |
|  | Copy lines 35-37 from the previous month's report. |  | Copy lines 20-22 of this report. |  | Subtract Column B from Column A. |
| 32. **Cash receipts** | $ 20,000.00 | − | $ 35,764.24 | = | $ -15,764.22 |
| 33. **Cash disbursements** | $ 15,000.00 | − | $ 2,733.98 | = | $ 12,266.02 |
| 34. **Net cash flow** | $ 5,000.00 | − | $ 33,030.24 | = | $ -3,498.20 |

35. Total projected cash receipts for the next month:                                                        $ _20,000.00_

36. Total projected cash disbursements for the next month:                                               − $ _15,000.00_

37. Total projected net cash flow for the next month:                                                        = $ _5,000.00_

Debtor Name  Kamalakannan Sivanandam                          Case number 23-42051

## 8. Additional Information

If available, check the box to the left and attach copies of the following documents.

- ☑ 38. Bank statements for each open account (redact all but the last 4 digits of account numbers).

- ☐ 39. Bank reconciliation reports for each account.

- ☐ 40. Financial reports such as an income statement (profit & loss) and/or balance sheet.

- ☑ 41. Budget, projection, or forecast reports.

- ☐ 42. Project, job costing, or work-in-progress reports.